# MANHATTAN LIFE INSURANCE COMPANY OF NEW YORK *v.* COHEN, EXECUTOR.

## ERROR TO THE COURT OF CIVIL APPEALS FOR THE FOURTH SUPREME JUDICIAL DISTRICT OF THE STATE OF TEXAS.

No. 160.  Submitted April 17, 1914.—Decided June 8, 1914.

A Federal question may not be imported into a record for the first time by way of assignment of error made for the purpose of review by this court.

As a general rule, for the purpose of review by this court, rights under the full faith and credit clause of the Federal Constitution are required to be expressly set up and claimed in the court below.

Denial of full faith and credit to the statutes of another State cannot be made the basis of review by this court where it appears that the court below reached the same result that plaintiff contended for on grounds wholly independent of the Federal question and sufficient to sustain its action.

This court has already decided that state statutes, such as that of Texas imposing a 12% penalty and an attorney's fee, for damages for delay in payment of proper claims, are not unconstitutional under the Fourteenth Amendment as depriving life insurance companies of their property without due process of law or as denying them the equal protection of the law.

A payment made by a life insurance company to one of two claimants on receiving a bond of indemnity, *held*, under the circumstances of this case, not to have been the payment of a stakeholder seeking to discharge his duty but of a person espousing the cause of one claimant against the other and thereby subjecting himself to the legal consequences arising from his action.

This court cannot review on its merits a case which it must dismiss for want of jurisdiction.

THE defendant in error was the plaintiff below and sued the Manhattan Life Insurance Company, which we shall speak of as the Company, on two policies on the life of Jacob Cohen in his own favor, written in 1893 in Texas where Cohen resided, the Company then doing business in that State through an agency.  It was averred that although the Company had admitted liability on the policies, it had not paid the loss and was therefore responsible

not only for the sum due insured with interest, but also for 12 per cent. as statutory penalty or damages and $1000.00 attorneys' fees.

The answer denied liability to the plaintiff. It admitted issuing the policies, but averred that in 1907 the insured, Cohen, borrowed $875 on each and pledged the policies as security, which loans were unpaid. It was averred that in July, 1907, Cohen sold to Hilsman, of Atlanta, Georgia, his interest in the policies and executed assignments and orders on the Company to deliver the policies to him on payment of the debts for which they were pledged. These documents were annexed to the answer. The origin and course of the negotiation which ultimated in the assignments were thus stated: Hilsman had an agent at San Antonio, Texas, where Cohen lived. The transactions "were begun" and "definitely agreed upon" between Cohen and the agent, "the agreement being that Hilsman would pay Jacob Cohen $460.00 for his equity in said policies, whereupon Cohen wired Hilsman to send papers, and the following correspondence, by letter and telegram, passed between them." Hilsman in answer to the first telegram from Cohen wrote enclosing him assignments of the policy and necessary notices to the Company with directions for their execution and asking besides for certain papers which he required to show Cohen's ownership free from the claims of other persons, the letter ending with the statement, "Send all the papers, that are herewith enclosed, duly executed in a sealed envelope, with this draft attached, (evidently the draft for the price) and upon arrival if in good shape—we will duly honor." Cohen replied by letter explaining that he did not have particular papers which had been asked for, but had others which he thought were their equivalent and proposing to execute the assignment and send these papers, the letter concluding with the statement, "if this meets with your approval please wire me upon receipt of this letter and I

shall forward papers." Hilsman answered by telegram favorably and confirmed it by letter saying that if the papers were sent, "we will promptly honor the draft, provided the papers are in good shape." On the day the telegram last referred to was received, Cohen transmitted the executed papers with the accompanying documents by mail saying, "I beg to inclose all documents . . . which I trust you will find correct and will honor my draft for $460.00 attached to these documents." The answer specifically alleges that the draft was sent from San Antonio for collection through a bank in that place and as the answer states that the draft was attached to the papers and this conformed to the instructions which we have seen were given by Hilsman to Cohen, the answer therefore in effect averred that the papers and draft were delivered to a bank in San Antonio to be transmitted to Atlanta, the papers to be delivered to Hilsman if after examination he found the papers satisfactory and paid the draft. The answer then in paragraph 8 contained the following averments:

"Said Jacob Cohen, Hilsman and his said agent were engaged in speculative transactions, and said assignments were made as a part of and in connection with a certain transaction in what is commonly called 'cotton futures,' the money being paid to and received and used by Jacob Cohen to speculate in the future price of cotton, without its being contemplated that there would be actual delivery thereof, or bargain and sale, the said Hilsman or his said agent, being interested in the transaction, and the purpose of the transaction being known by all the parties, which purpose was carried into effect, through the said agency of J. H. Hilsman and J. H. Hilsman he being engaged in the brokerage business."

It was averred that after the death of Cohen both his executor and Hilsman, as owners of the policies, made demand upon the Company for payment; that the Company admitted liability to some one and simply professed its

desire to have the matter as to who was owner of the
policies settled so that it might make payment with safety.
To reach this result it was alleged that an unsuccessful
effort was made to have the parties agree to appear in a
suit where as to both of them, the Company admitting
liability, their rights might have been determined; and
that failing in this respect and being advised that under
the law of Georgia where the assignment to Hilsman was
made, it was legal and therefore his claim was valid, as
the most expeditious way of clearing up the matter the
Company paid Hilsman and took from him an indemnity
bond. While admitting that before the assignment and
at the time of its delivery Hilsman had no interest what-
ever in the life of Cohen, it was nevertheless averred that
the assignment of the policies was valid and authorized
under the laws of the States of Georgia and New York.
Averring moreover that all the acts of the Company in the
premises had been in good faith and arose not from any
desire to deny liability but simply from an honest purpose
to have it determined who owned the claims under the
policy, it was asserted that there could be in no event any
liability for interest by way of damages and for the at-
torney's fees as prayed.

By leave the plaintiff amended his petition "in replica-
tion and answer to  .  .  .  the answer of the defendant,
Manhattan Life Insurance Co.," and asserted among other
things that the assignments of the policies alleged in the
answer were void upon two distinct grounds: (1) Because
"under and by virtue of the laws of the State of Texas,
the State of New York and the State of Georgia, and each
of them, an assignment of a life insurance policy to a per-
son without insurable interest in the life of the insured,
is invalid and not binding upon the assignor or his repre-
sentative." (2) Because "said alleged assignments of the
policies of insurance sued upon herein are invalid and not
binding upon it and were without legal consideration un-

der the laws of the State of Texas, the State of New York, and the State of Georgia, for this, that at the time that said assignments and each of them were made, executed and delivered, that the said Jacob Cohen, J. H. Hilsman and his said agent, were engaged in speculative transactions and that said assignments and each of them, were made as a part of and in connection with the said transactions, in what is commonly called 'cotton futures,' the money being paid to and received and used by, the said Jacob Cohen to speculate in future prices of cotton without its being contemplated that there would be actual delivery thereof, or bargain and sale; the said Hilsman and his agent being interested in the transaction and the purpose of the transaction being at and before the time known to and by all the parties which said purpose was carried into effect through the said agency J. H. Hilsman and J. H. Hilsman, he being engaged at that time in the brokerage business; all of which said facts were well known to the defendant Insurance Company at and before the time that it paid the said policies to the said Hilsman, as in its said answer alleged and set forth."

For the purpose of the trial by the court without a jury a written statement of facts was agreed to by both parties in the form of petitioner's case, the case of the defendant company and the reply of the petitioner. The statement of the plaintiff admitted the issue of the policies, the lending of the money by the Company and the pledging of the policies to secure it, the transfer or assignment by Cohen for the consideration we have stated and under the circumstances which we have detailed, the gambling nature of the transaction being expressly stated in accordance with the averment of the answer of the Company and with the allegation of the amended pleading of the plaintiff, the death of Cohen, the claim of both parties on the insurance company, the effort of the Company to secure a suit to which both the claimants should be parties in order to

relieve it from responsibility, its failure to secure that result and its payment to Hilsman of the amount upon the giving by him of indemnity, all substantially as alleged in the pleadings we have stated. The agreed facts contained this statement:

"It was not the purpose of the Insurance Company to contest or delay payment, and the payment to Hilsman was made under the circumstances above set out. It is not the purpose of this agreement to determine how far, if at all, the facts in respect to notice and good faith are material issues in this case, that being deemed a question of law, nor is this agreement to be construed as admitting as a matter of law that Hilsman had any right to said policies or their proceeds, or that said payment, or any part thereof, was rightfully made to him. It is, however, agreed as a fact that Hilsman has not been repaid said sum of $460.00, and the Insurance Company has not been repaid the amount of said loan, except as above stated, and that nothing has yet been paid to the plaintiff."

The Company as part of its case introduced certain statutes of the State of Georgia and decisions of the court of last resort of that State interpreting the same for the purpose of showing that Cohen had a right to sell and Hilsman to purchase in Georgia the insurance policies, although Hilsman had no insurable interest in Cohen's life. In rebuttal the plaintiff introduced certain decisions of the court of last resort of Georgia deemed to establish the contrary result and also offered statutes of that State dealing with gambling transactions and the right to sue concerning the same. The trial court found the facts substantially as embodied in the statements referred to.

*Mr. William J. Moroney* for plaintiffs in error:

The Texas statute, as construed and applied in this case by the state court, is repugnant to the Fourteenth Amendment.

The judgment of the state court denied full faith and credit to the statutes of Georgia that were pleaded and proved in defense of this suit, in violation of the full faith and credit provision of the Constitution of the United States.

In support of these contentions, see Rev. Stat. Texas, Art. 3071; Civil Code Georgia, §§ 2114, 2116, 3077; *Atchison T. & S. F. Ry. Co.* v. *Sowers,* 213 U. S. 55; *Atlantic Coast Line Ry. Co.* v. *Wharton,* 207 U. S. 328; *Attorney General* v. *Lowrey,* 199 U. S. 639; *Bacon* v. *Texas,* 163 U. S. 216; *Beer* v. *Landman,* 88 Texas, 450; *Bolin* v. *St. Louis Ry. Co.,* 61 S. W. Rep. 444; *Bridge Proprietors* v. *Hoboken Co.,* 1 Wall. 116; *Cawthorne* v. *Perry,* 76 Texas, 338; *Cheeves* v. *Andres,* 87 Texas, 287; *Clark* v. *San Francisco,* 124 U. S. 639; *Collins* v. *Texas,* 223 U. S. 288; *Dartmouth College Case,* 4 Wheat. 518; *El Paso Ry. Co.* v. *Gutierrez,* 215 U. S. 87; *Estay* v. *Luther,* 142 S. W. Rep. 649; *Farmers' Ins. Co.* v. *Dobney,* 188 U. S. 301; *Fidelity Life Ins. Co.* v. *Mettler,* 185 U. S. 308; *Fidelity Life Ins. Co.* v. *Zapp,* 160 S. W. Rep. 139; *Furman* v. *Nichol,* 8 Wall. 44; *Ex parte Garland,* 4 Wall. 333; *Grigsby* v. *Russell,* 222 U. S. 149; *Gulf, C. & S. Fe Ry. Co.* v. *Dennis,* 224 U. S. 503; *Gulf, C. & S. Fe Ry. Co.* v. *Ellis,* 165 U. S. 150; *Illies* v. *Fitzgerald,* 11 Texas, 429; *Iowa Life Ins. Co.* v. *Lewis,* 187 U. S. 264; *Ludy* v. *Larson,* 37 L. R. A. (N. S.) 907; *Martin* v. *West,* 224 U. S. 191; *Murdock* v. *Memphis,* 20 Wall. 590; *Northwestern Life Ins. Co.* v. *McCue,* 223 U. S. 234; *Pacific Life Ins. Co.* v. *Williams,* 79 Texas, 633; *St. Louis Ry. Co.* v. *Wynne,* 224 U. S. 354; *Schofield* v. *Turner,* 75 Texas, 324; *Southwestern Ins. Co.* v. *Woods Nat'l Bank,* 107 S. W. Rep. 114; *Stanley* v. *Schwalby,* 162 U. S. 255; *Tilt* v. *Kelsey,* 207 U. S. 42; *Vandalia Ry. Co.* v. *Indiana,* 207 U. S. 359; *Washington Life Ins. Co.* v. *Gooding,* 49 S. W. Rep. 123; *Wilson* v. *Black Bird Creek Co.,* 2 Pet. 245; *Yazoo &c. Co.* v. *Jackson Vinegar Co.,* 226 U. S. 217.

*Mr. Wilmer S. Hunt, Mr. Sterling Myer* and *Mr. C. A. Teagle* for defendant in error:

The Supreme Court will not consider questions not raised and passed on in the court below, nor consider other Federal questions than the one raised.

The assignment of the insurance policies was a Texas contract.

If the contract was a Georgia contract, yet if invalid under the laws of Texas, the law of comity between States does not require its enforcement by the Texas courts.

The contract of assignment was even void under the laws of Georgia.

Article 3071, Texas Rev. Stat., is constitutional.

There was no right of the insurance company to recover the $460.00 paid to Cohen by Hilsman.

A general assignment raising a Federal question will not be considered.

On error from a state court, the Supreme Court will only consider the Federal question which gives it jurisdiction.

In support of these contentions, see Acts Texas Legislature 1907, p. 172; 24 Am. & Eng. Ency. of Law, 1052; *Armstrong* v. *Toler*, 11 Wheat. 258; *Arnott* v. *Coal Co.*, 23 Am. Rep. (N. Y.) 190; *Association* v. *Mettler*, 189 U. S. 150; *Atlantic Coast Line* v. *Wharton*, 207 U. S. 328; *Beardsley* v. *Beardsley*, 138 U. S. 262; *Beer* v. *Landaman*, 88 Texas, 450; *Bigelow* v. *Benedict*, 70 N. Y. 206; *Cameron* v. *Barcus*, 71 S. W. Rep. 423; *Capitol City Dairy Co.* v. *Ohio*, 183 U. S. 238; *Cheeves* v. *Anders*, 87 Texas, 291; *Clark* v. *McDade*, 165 U. S. 170; *Cothran* v. *Telegraph Co.*, 83 Georgia, 25; *Dewey* v. *Des Moines*, 175 U. S. 193; *Dugger* v. *Ins. Co.*, 81 S. W. Rep. 335; *Embree* v. *McLean Co.*, 11 Tex. Civ. App. 493; *Falkner* v. *Hyman*, 142 Massachusetts, 53; *Farmers Ins. Co.* v. *Dabney*, 189 U. S. 301; *Fletcher* v. *Williams*, 66 S. W. Rep. 861; *Fowler* v. *Bell*, 90 Texas, 150; *Furman* v. *Nichols*, 8 Wall. 75; Georgia Code,

Arts. 3537, 3668, 3671; *German Society* v. *Dormitzer*, 192 U. S. 124; *Green* v. *Van Buskirk*, 7 Wall. 139; *Hamblen* v. *Western Land Co.*, 147 U. S. 531; *Hill* v. *Spear*, 50 N. H. 253; *Horner* v. *United States*, 143 U. S. 570; *Insurance Co.* v. *Bank*, 107 S. W. Rep. 114; *Insurance Co.* v. *Williams*, 79 Texas, 633; *Insurance Co.* v. *Hazelwood*, 75 Texas, 351; *Irvin* v. *Williams*, 110 U. S. 508; *Jones* v. *Aiken*, 80 S. W. Rep. 285; *Keokuk & H. B. Co.* v. *Illinois*, 175 U. S. 193; *Maxwell* v. *Newbold*, 18 How. 511; *McLaughlin* v. *Fowler*, 154 U. S. 663; 1 Meechum on Sales, §§ 8430, 484; *Messenger* v. *Mason*, 10 Wall. 507; *Murdock* v. *Memphis*, 20 Wall. 590; *Myrick* v. *Thompson*, 99 U. S. 297; *Norris* v. *Logan*, 97 S. W. Rep. 20; *Osborne* v. *Florida*, 164 U. S. 650; *Oscanyon* v. *Arms Co.*, 103 U. S. 261; *Pope* v. *Hanke*, 40 N. E. Rep. 842; *Railway* v. *Dennis*, 224 U. S. 503; *Railway* v. *Wynne*, 224 U. S. 354; Rev. Stat. Texas, Art. 3071; *Schonfield* v. *Turner*, 75 Texas, 329; *Seligson* v. *Lewis*, 63 Texas, 220; *Storey* v. *Solomon*, 71 N. Y. 422; *Sweeney* v. *Ousley*, 53 Kentucky, 413; *Telegraph Co.* v. *Blanchard*, 68 Georgia, 299; *Tilt* v. *Kelsey*, 207 U. S. 43; *Tracey* v. *Talmage*, 67 Am. Dec. (N. Y.) 132; *Wheeless* v. *Myer*, 12 S. W. Rep. 712; *Wilson* v. *Namie*, 102 U. S. 572; *Wilton* v. *Ins. Co.*, 78 S. W. Rep. 403; *Zipcey* v. *Thompson*, 1 Gray (Mass.), 242.

Mr. Chief Justice White, after making the foregoing statement, delivered the opinion of the court.

Upon the pleadings which we have just stated and the facts stipulated, the trial court gave judgment for the plaintiff, Cohen, against the defendant company for the amount of the policies less the sums which had been loaned thereon by the Company with interest and with the statutory penalties and attorney's fees claimed.

To recapitulate, it suffices to say that the assignments of error made by the Company in the court below for the

purpose of the appeal by it taken but expressed the defenses resulting from its answer and the stipulated facts which we have stated. That is to say, reliance was placed (1) upon the proposition that in any event the recourse of the plaintiff was against Hilsman and not against the Company; (2) that the transfer of the policies to Hilsman was a Georgia contract and valid under the law of that State because the existence of insurable interest at the time of the transfer, although necessary under the Texas law, was not necessary under the Georgia law; (3) that as in any event the transaction out of which the assignment of the policies from Cohen to Hilsman grew was admittedly a gambling one, the court would not allow the executor of Cohen to derive any rights from assailing that transaction, but would leave the parties where their illegal contract had placed them, that is, let the assignment to Hilsman stand, and hence leave no right in Cohen, executor, to recover; (4) that the court erred in giving judgment for the statutory penalties and damages because under the circumstances stated the liability to pay them was not embraced by the statute under which they were imposed and that if the statute, as construed, imposed the damages and attorney's fee which were allowed, it was in violation of § 1, of the Fourteenth Amendment.

In an elaborate opinion the court disposed of all these contentions. It held that the suit need not be brought against Hilsman but that it could be brought directly against the Company. It decided that the contract of assignment was a Texas contract and for want of insurable interest in Hilsman was invalid under the laws of that State, although it was in substance admitted that it would have been valid, so far as the question of insurable interest was concerned, if it had been a Georgia contract. Coming to consider the fact that both parties had conceded that the transaction out of which the assignment of the policies grew was purely of a gambling nature and that that fact

had been stipulated, the court refused to sustain the following proposition which was insisted upon by the defendant company: "When an insurance policy is assigned as part of a gaming transaction, the law will give no relief to either party, or to their heirs, executors or assigns, regardless of all other questions, but will leave the parties where they have voluntarily placed themselves." On the contrary the court, relying upon the Texas law upon that subject, the Georgia law on the same subject and the principles of general law applicable thereto, held that instead of leaving the assignment growing out of the gambling transaction enforceable in the hands of Hilsman it would in consequence of the illegality, strike down the whole transaction and therefore leave the policy in the hands of Cohen the insured, to whom it belonged before the assignment had been made. And for this reason also the court decided that the sum paid by Hilsman for the transfer need not be repaid by Cohen in order to recover. On the subject of the penalties the court referring to the cases of *Fidelity Mutual Life Association* v. *Mettler*, 185 U. S. 308, and *Farmers' & Merchants' Insurance Company* v. *Dobney*, 189 U. S. 301, held that the statute under which they were imposed was not repugnant to the Fourteenth Amendment and said: "The action of the Insurance Company in paying the money due on the policies was not, as in *Insurance Co.* v. *Woods Nat. Bank*, 107 S. W. Rep. 119, an offer of the Insurance Company to pay to the one of the two real claimants when it should be determined whom he was, but a voluntary payment to the rival claimant who had no right whatever to the amount due on the policy. The company has indemnified itself against its act in paying the money due on the policy to one who was not entitled to receive it; now let it resort to its indemnity."

At the threshhold we must dispose of a motion to dismiss. It is apparent from the statement of the case that the only express assertion of Federal right had reference to

the statutory penalty and the attorney's fee. The assignments of error however, assert violations of rights under the Constitution in many particulars, but more especially with reference to the action of the court in treating the sales of the policies as Texas contracts and refusing to apply the Georgia law which admittedly differed fundamentally from that of Texas. It is elementary that a Federal question may not be imported into a record for the first time by way of assignments of error made for the purposes of review by this court. Moreover as a general rule it is true that for the purposes of review by this court rights under the full faith and credit clause, § 1, Article IV of the Constitution, come within that class which are required to be expressly set up and claimed in the court below. *Johnson* v. *New York Life Ins. Co.*, 187 U. S. 491; *El Paso and Southwestern R. R.* v. *Eichel*, 226 U. S. 590, 597; *Chicago, Ind. and L. Ry. Co.* v. *Hackett*, 228 U. S. 559, 565. Let it be conceded, as we think it must be, where the record leaves no doubt that rights under the full faith and credit clause were essentially involved and were necessarily passed upon, there would be jurisdiction to review even although such rights had not been expressly asserted below (see *Tilt* v. *Kelsey*, 207 U. S. 43, 51); the right to review under such condition being in effect but a result of the elementary rule that it is irrelevant to inquire how and when a Federal question was raised in a court below when it appears that such question was actually considered and decided. But these concessions are irrelevant, even although it be further conceded that the ruling of the court below as to the necessity for an insurable interest and its governing the case by the law of Texas instead of by the law of Georgia brings this case within the doctrines just stated. We say this because of the existence of another and fundamental question which causes the concessions stated to be immaterial. Both parties, as we have seen, wholly independent of the existence of an in-

surable interest, affirmed the illegality of the transaction out of which the assignments of the policies grew because of the alleged gambling nature of the transaction and the admitted facts without dispute established that situation. There being thus an admission by both parties and no dispute concerning the illegality of the transaction and a difference only as to the consequences to arise from such illegality, it follows that the case reduces itself to a consideration of that subject. But on coming to its consideration it is plain that no question concerning the full faith and credit clause was involved in any contention made below by the plaintiff in error in that regard, since the rights deduced from the admitted illegality of the transaction were placed solely on considerations of the local law of the State of Texas and of the State of Georgia deemed to be applicable to such condition of things or upon what was deemed to be the controlling principles of general law on the subject. Indeed, so absolutely is this the case, that, as we have seen, the Company itself insisted on the illegality and based rights upon it. And it was only on behalf of the defendant in error that considerations involving the full faith and credit clause were suggested as controlling the results in consequence of the admitted illegality of the transaction as a gambling one. A condition which is illustrated by the fact that the reply petition of the plaintiff while accepting and reiterating the averment of illegality made in the answer of the defendant Company, in addition specially alleged that the illegality resulting from the gambling transaction caused the assignment of the policies to be void under the law of New York where the Company was organized and under the law of Texas, as well as under the law of Georgia. And it was for this reason that the proof which was offered as to the statute law of Georgia on the subject of gambling transactions and the decision or decisions of that State which it was deemed made the statute applicable were tendered on behalf of the plaintiff

and not by the defendant company. It would be indeed anomalous when the parties had both relied upon the illegality of the transaction upon grounds wholly independent of any Federal right and the case had been decided upon that ground, which in and of itself is sufficient to sustain the action of the court below, to permit one of the parties because of his dissatisfaction with the application of such principles to assert the existence of jurisdiction because the case rested on a Federal issue. It becomes hence obvious that the assignments of error outside of the one referring to the repugnancy to the Fourteenth Amendment of the statute imposing damages and penalties, affords not the slightest pretext for the exercise of jurisdiction and they therefore may be put out of view.

Coming to consider the latter subject it may not be doubted that the non-repugnancy of the assailed statute to the Constitution of the United States has been directly determined by this court in the cases upon which the lower court based its ruling. (*Fidelity Mut. Life Ass'n* v. *Mettler*, 185 U. S. 308; *Farmers' & Merchants' Ins. Co.* v. *Dobney*, 189 U. S. 301.) But it is said that as previously upheld the statute as construed by the state court contemplated a liability for the penalties or damages and attorneys' fees only in case there was a wilful refusal to pay and therefore those decisions have no application here since the statute as applied in this case enforces a liability against the Company in spite of its action in the utmost good faith, taken solely for the purpose of determining to whom it must pay the sum due, liability as to which was frankly conceded. But the deduction simply disregards the basis upon which the court below rested its conclusion and invites us upon a conception of injustice to commit a wrong by reviewing a matter of purely local concern which is not within our cognizance. We say this because clearly the court below rested its conclusion as to liability for the penalty and damages not upon the construction of the

statute suggested, but upon the premise that the payment to Hilsman by the Insurance Company of the sum of the policies under the circumstances stated was a payment which took it out of the category of a mere stakeholder seeking to discharge his duty in good faith and placing it in the position of a person espousing the cause of one as against the other and thereby subjecting himself to the legal consequences arising from such action. And the considerations which we have stated also dispose of the contention concerning the wrong which it was insisted was done in declaring the assignment of the policies void because of the gambling nature of the contract and yet permitting the assignor to hold on to the price paid for such assignment. That question was involved in and controlled by the court's ruling concerning the illegal nature of the transaction and the principles applicable thereto, and therefore it is beyond our competency to review.

As the repugnancy of the statute concerning the damages and attorney's fee was the only semblance of ground for invoking our jurisdiction and as that ground was conclusively established to be without merit when the writ of error was sued out, it follows that there is nothing upon which to base jurisdiction and the writ of error must be dismissed.

*Dismissed for want of jurisdiction.*