## GRIFFIN v. McCOACH et al.
### No. 9652.

Circuit Court of Appeals, Fifth Circuit.
Nov. 15, 1941.

Rehearing Denied Dec. 30, 1941.

C. J. Shaeffer and Jos. W. Bailey, Jr., both of Dallas, Tex., for appellant.

Chester F. Clark, of Fort Worth, Tex., and Carl B. Callaway, Frank C. Brooks, and Pat H. Candler, all of Dallas, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

For the history of this case, see Griffin v. McCoach, 5 Cir., 116 F.2d 261, Id., 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462.

■ This appeal is limited to a controversy over a portion of the proceeds of a policy of insurance claimed by assignees having no insurable interest in the life of the insured, a citizen of Texas at the time of his death and for many years prior thereto. We are required to determine the law of Texas as applied to the facts of this particular case.

■ Even if the assignees are claiming under foreign contracts which are not governed by the law of Texas, nevertheless we think the administrator is entitled to recover, because the fund is in the custody of a federal court in Texas, and it is against the public policy of the State of Texas to allow anyone who has no insurable interest to be the owner of a policy of insurance upon the life of a human being. Upon the assignment of an interest in the policy in question to assignees not having an insurable interest, the policy did not become invalid, but the interest so assigned became payable to the estate of the insured. The rule in Texas is for the protection of the lives of its citizens. See Cheeves v. Anders, Administrator, 87 Tex. 287, 28 S.W. 274, 276, 47 Am.St.Rep. 107, wherein the court said: "The want of insurable interest is just as absolute where it has ceased as where it never existed, and the inducement to destroy the life insured for gain is just as strong in the one case as in the other." See, also Wilke v. Finn, Tex.Com.App., 39 S.W.2d 836; Peoples Life Ins. Co. v. Whiteside, 5 Cir., 94 F.2d 409; Manhattan Life Ins. Co. v. Cohen, Tex.Civ.App. 139 S.W. 51, Id., 234 U.S. 123, 34 S.Ct. 874, 58 L.Ed. 1245; Union Trust Co. v. Grosman, 245 U.S. 412, 413, 38 S.Ct. 147, 62 L.Ed. 368.

■■ The public policy of Texas, as announced by its highest court, is binding upon us; and we have no reason to think that the courts of Texas would permit citizens of other states to speculate upon the death of one of its citizens by means of contracts made without the state when the same is forbidden within its territorial limits. The public policy of the state does not depend exclusively upon legislation, but may be the result of judicial construction and announcement. Bond v. Hume, 243 U.S. 15, 37 S.Ct. 366, 61 L.Ed. 565; Bank of Augusta v. Earle, 13 Pet. 519, 10 L.Ed. 274.

The judgment of the court below is reversed, and the cause is remanded to it with directions to enter judgment in accordance herewith.