**BELL v. PHILLIPS et al.**

**No. 11337.**

Circuit Court of Appeals, Fifth Circuit.

Dec. 7, 1945.

Rehearing Denied Jan. 2, 1946.

Barney A. Garrett, of Waco, Tex., for appellants.

Carl Cannon, of Groesbeck, Tex., and J. Manuel Hoppenstein, of Dallas, Tex., for appellees.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

Emma Phillips, a citizen of Texas, claiming that there was no legally qualified beneficiary and that she was entitled to the proceeds as the surviving mother of the insured,[1] sued Metropolitan Life Insurance Company in the State court[2] on a group policy which insured her son, Benjamin McCullough, and named as beneficiary "Ethel McCullough, wife."

Metropolitan thereupon filed in the District Court of the United States for the Western District of Texas, its bill of interpleader[3] against Emma Phillips and Mrs. Ethel Bell, alias Mrs. Ethel McCullough, both resident citizens of the Western District of Texas, and against Etta Wirdlow, Administratrix of the Estate of Benjamin McCullough, and Nannie Annie Ethel Mae Gunter McCullough, alias Annie Gunter, both residents of the State of Michigan.

All of the defendants having filed their claims, and Annie Gunter's claim as common law wife having been exploded and in effect abandoned, all matters, both of law and of fact, as between Mrs. Phillips and Mrs. Bell, both citizens of Texas, were submitted to the court. He found on stipulation, admission and evidence fully sustaining him, that: the policy was taken out in Michigan as a group

---

[1] "If there is no designated Beneficiary at the time when any benefits shall be payable to the Beneficiary, then the Benefits shall be paid as follows: To the wife or husband, if living, of such Employe; if not living, to the children of such Employe who survive such Employe, equally; if none survive, to the father and the mother of such Employe equally, or to the survivor; if none of the above survive such Employe, to the estate of such Employe."

[2] Rule 22, Rules of Civil Procedure, 28 U.S.C.A. following section 723c; Title 28, § 41, Subd. 26, U.S.C.A.

[3] It alleged: that Ethel Bell, alias Ethel McCullough, had notified complainant that she was the divorced wife of the assured, that she was the beneficiary named in the certificate and was making claim and demand for its proceeds; that Emma Phillips, mother of the assured, had filed proofs of death with complainant, a claim against it for the proceeds of the certificate, and a suit in the State Court of Limestone County, Texas; and that of the two defendants residing in Michigan, one was claiming as Administratrix, the other as the common law wife, of McCullough, deceased. It alleged further: that complainant recognizes its liability on the policy and stands wholly impartial as between claimants, but because of the conflicting claims it cannot safely make payment. For its protection, therefor, it tenders into the registry of the court the $2000 due on the policy; and prays that further prosecution in the state court be enjoined; and that it be allowed to go hence, discharged from all further liabilities and with its reasonable attorney's fees.

policy while Benjamin McCullough was living and working there as an employee of the Chevrolet-Flint Co.; that Annie Gunter is not, and never was, the wife of Benjamin McCullough; that Ethel McCullough, though designated in the policy as Benjamin McCullough's wife, was not his wife and had not been since her divorce from him in 1929, and at the time of the issuance of the certificate and at all times since she was not Ethel McCullough but was Ethel Bell, the wife of Oscar Bell, and was without insurable interest in McCullough's life. He concluded as matter of law: that this being a diversity of citizenship case and no question of the interpretation of the certificate being involved, the laws and decisions of the State of Texas, the state of the forum, are applicable; that under the public policy and the decisions, both federal and state, in Texas, a divorced wife does not have an insurable interest in the life of her divorced husband and cannot be the beneficiary on a policy of insurance on his life; that the named beneficiary having no insurable interest in the life of McCullough, there was in legal effect no beneficiary, and the $2000 deposited in court was payable under the certificate to Emma Phillips, his mother.

From the judgment entered in accordance with these findings, Ethel Bell has appealed, insisting: that since the insured was living not in Texas but in Michigan when the policy was taken out and the policy was a New York policy, and since in both of those states a beneficiary without an insurable interest may take under the policy; her designation as beneficiary was valid when made and must be held valid in Texas.

■■ Mrs. Phillips is here insisting that Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462, and Griffin v. McCoach, 5 Cir., 123 F.2d 550, rule this case, and that the judgment appealed from was right and should be affirmed.

We agree with appellee. In Griffin v. McCoach, 5 Cir., 123 F.2d 550, when the case was again before this court, after the former opinion in 5 Cir., 116 F.2d 261, had been reversed in 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462, we said [123 F.2d 55]:

"Even if the assignees are claiming under foreign contracts which are not governed by the laws of Texas, nevertheless we think the administrator is entitled to re-cover, because the fund is in the custody of a federal court in Texas, and it is against the public policy of the State of Texas to allow anyone who has no insurable interest to be the owner of a policy of insurance upon the life of a human being. (Emphasis supplied.) * * * The rule in Texas is for the protection of the lives of its citizens. See Cheeves v. Anders, Adm., 87 Tex. 287, 28 S.W. 274, 276, 47 Am.St.Rep. 107, * * * See, also Wilke v. Finn, Tex.Com.App., 39 S.W.2d 836; Peoples Life Ins. Co. v. Whiteside, 5 Cir., 94 F.2d 409; Manhattan Life Ins. Co. v. Cohen, Tex.Civ.App., 139 S.W. 51; Id., 234 U.S. 123, 34 S.Ct. 874, 58 L.Ed. 1245; Union Trust Co. v. Grosman, 245 U.S. 412, 413, 38 S.Ct. 147, 62 L.Ed. 368."

In the Grosman case, the Supreme Court, at page 418 of 245 U.S. at page 148 of 38 S.Ct., 62 L.Ed 368, said:

"If the decree would have been right in a Court in the State of Texas, it was right in the District Court of the United States sitting in the same State."

■ That the decree appealed from would have been right in a court of the State of Texas, we think may not be doubted. The courts of Texas have declared not once but many times that [39 S.W.2d 838]:

"In order to make a valid contract of insurance upon the life of one person for the benefit of another, the beneficiary must have an interest in the life insured."
and that:

"It is against the public policy of this state to allow any one who has no insurable interest to be the owner of a policy of insurance upon the life of a human being."

■ It is conceded, as indeed it must be under the authority of McCoach's case, that if, as Gordon in that case was, McCullough had been a citizen of Texas when the policy was issued, the beneficiary, though a citizen of another state, could not have recovered. It is claimed that the fact that McCullough was a citizen of Michigan requires a different ruling. We do not think so. If the interpleader had been filed in a state court, we think it quite clear that the named beneficiary, a citizen of Texas, having no insurable interest, could not have recovered in the face of the oft repeated declaration of the Texas courts, that it "is against the public policy of this state to allow any one who has no insurable interest to be the owner of a policy of insurance

upon the life of a human being". [39 S.W. 2d 838]

In Cole v. Browning, Tex.Civ.App., 187 S.W.2d 588, 593, an Equitable Life policy had been taken out in Indiana, naming as beneficiary the then wife of the insured. Later there was a divorce, and still later, with the beneficiary unchanged, the insured while temporarily in Texas died there. The wife, suing in Texas, obtained a judgment as beneficiary, but on appeal it was held that since her insurable interest ceased with her divorce, the public policy of Texas prevented her recovery though she claimed to have moved from Texas to Missouri and was not then a Texas citizen. Declaring that the rights of the parties should be determined in accordance with the public policy of the State of Texas, the court went on to say:

"We are not interested in the fact that Ruby Browning claims that she was, at all times pertinent to the issues before us, a citizen of the State of Missouri, nor are we interested in the contention that when the insured died, he was actually a citizen of the State of Indiana. * * * The State of Texas has established a fixed policy with reference to its own citizens, by and through which it refuses to permit one who has no insurable interest in a living person to be and become the beneficiary in an insurance policy written on the life of such living person. * * * We do not believe that the State of Texas, where its public policy is involved, should grant or give to some person who is temporarily residing in Texas, rights and privileges that it refuses to give or grant to its own citizens. * * * We, therefore, do not find ourselves concerned with the fact that the State of Indiana, where the contract of insurance was delivered to the Insured, and the State of New York, where the Insurer has its domicile, both permit living persons who have no insurable interest in another living person to be and become the beneficiary in a policy of life insurance written upon the life of such other person."

Here Mrs. Bell, the named beneficiary, and Mrs. Phillips, the mother of insured, to whom the policy was payable if the designation of beneficiary failed, were both citizens of Texas. The public policy of Texas declares that one without an insurable interest may not be a beneficiary and requires the proceeds of the policy in such cases to be paid to the estate or to such other person having an insurable interest

as is provided for in the policy. It seems clear to us that it applies in fullest force here where its application at once defeats the claim of a Texas citizen, forbidden because she is without insurable interest, and protects the claim of a Texas citizen who, having an insurable interest, is a proper claimant.

The judgment was right. It is affirmed.