## DIAL v. FISK.
### No. 5744.

Court of Civil Appeals of Texas. Amarillo.
Oct. 28, 1946.

Rehearing Denied Dec. 2, 1946.

Underwood, Johnson, Dooley & Wilson and Clayton Heare, all of Amarillo, for appellant.

Simpson, Clayton & Fullingim, of Amarillo, for appellee.

PITTS, Chief Justice.

This is a suit for a declaratory judgment under the Texas Uniform Declaratory Judgments Act. Vernon's Ann.Civ.St. art. 2524—1, § 1 et seq. Appellant, Katherine L. Dial filed suit against Charles A. Fisk, administrator of the estate of Clarence W. Dial, deceased, to have herself declared the beneficiary of a life insurance policy for

the sum of $2500 issued to Clarence W. Dial during his lifetime. Marguerite Venners intervened as next friend of appellees, Dolores Dial, Mae Dial, and Florence Dial, the minor children of Clarence W. Dial, deceased. The suit grew out of a situation existing in the United States District Court of the Northern District of Texas at Amarillo in which court John Hancock Mutual Life Insurance Company had filed a bill of interpleader concerning the policy in question and had interpleaded Katherine L. Dial and Charles A. Fisk, administrator, both of whom have answered in the Federal Court claiming the proceeds of the policy and Marguerite Venners had intervened in that court claiming the proceeds for the said minor children. The Federal Court had enjoined all parties from instituting or maintaining a suit on the policy in any other court. However, the Federal Court had sustained the motion of Katherine L. Dial to suspend further proceedings in the cause in that court until a declaratory judgment could be obtained in the State Court to determine who is entitled to the proceeds of the policy. Such resulted in this suit being filed.

The case was tried before the trial court without a jury and a declaratory judgment was entered to the effect that appellant and Fisk, administrator, take nothing, except that Fisk recover his costs against appellant, and that the intervenors, the three minor children, be and they were declared the sole beneficiaries in the policy and entitled to receive the proceeds from it from which judgment appellant perfected an appeal to this court.

Appellant presents three points of error to the effect that the trial court erred in declaring the minors are entitled to the proceeds of the policy and in refusing to declare that appellant is entitled to such proceeds under the provisions of the law at the place where the contract of insurance was made. Appellant presents the three points under one argument and states that "The sole issue in this case is whether Texas courts will recognize and enforce substantive rights grounded on a foreign contract of insurance according to the lex loci contractus, even though such rights might not exist if the contract had been a Texas contract of insurance."

Appellees resist appellant's contentions on the ground that, although appellant was the wife of deceased when the policy was issued and was named as the beneficiary of the policy, she had since been divorced from him and had no insurable interest in his life at the time of his death and that it would therefore be against public policy of this State to declare her to be entitled to the proceeds of the said policy. Appellees further contend that the trial court properly declared the three minor children to be the sole beneficiaries and entitled to the proceeds of the policy.

The parties have stipulated that Clarence W. Dial, deceased, was first married to Marguerite Dial Venners, who intervened as next friend of the three minors all of whom were born to the marriage of her and Clarence W. Dial, from whom she had been divorced and she later remarried; that Clarence W. Dial never had any other children; that on April 30, 1938, Clarence W. Dial married appellant in Oklahoma in which State they continued to live for some time; that Clarence W. Dial was then employed by Liebmann Properties, an Oklahoma corporation, with its home office in El Reno, Oklahoma, and he continued to work for Liebmann Properties until his death (it shall hereafter be referred to as employer); that on November 16, 1938, Clarence W. Dial's employer made application at its home office to John Hancock Mutual Life Insurance Company, a Massachusetts corporation, for group life insurance covering its employees including Clarence W. Dial; that such policy was issued by the company at its office in Boston, Massachusetts, and delivered to employer at its home office in Oklahoma; that the insurance company likewise issued certificate number 18 and delivered it to Clarence W. Dial at his home in El Reno, Oklahoma, which certificate showed him to be insured for $2500. and named "Katherine L. Dial—wife, as beneficiary"; that on February 15, 1941, Clarence W. Dial and his then wife, appellant, moved at the request of his employer to Borger, Hutchinson County, Texas, and afterwards to Amarillo, Potter

County, Texas; that on April 4, 1942, Clarence W. Dial was divorced from appellant in Potter County, Texas, and an agreed property settlement between them was then approved by the court; that on July 1, 1942, appellant moved to the State of Louisiana where she has since resided; that Clarence W. Dial continued to reside in Potter County, Texas, until his death on September 27, 1943, after which Charles A. Fisk, a resident of Potter County, Texas, was appointed and qualified as administrator of his estate; that copies of the instruments mentioned were introduced in evidence; that the policy has remained with the employer the whole time; that the certificate number 18 has not been changed since its delivery; that Clarence W. Dial was not indebted to appellant at the time of his death; that the proceeds of the policy is on deposit in the registry of the United States Court at Amarillo, and the John Hancock Mutual Life Insurance Company has been discharged by that court with its costs and attorneys' fees.

The policy provides that at the time of the death of the employee if there be no beneficiary the proceeds of the policy shall be paid to the surviving wife or husband, if any, or if there be no surviving wife or husband, to the children of the deceased, if any, or to the next of kin in further order there named.

The trial court found that Clarence W. Dial did not remarry after he was divorced from Katherine L. Dial and was a single man at the time of his death and made other findings consistent with the facts shown in the stipulation above referred to. As a result of such findings the trial court concluded that appellant did not have any insurable interest in the life of 'Clarence W. Dial after he was divorced from her and that it would be against public policy of this State to permit appellant to recover the proceeds of the policy. It likewise found that the minor children as intervenors were the sole beneficiaries and jointly entitled to receive all of the proceeds of the policy and it so declared.

Appellant contends that she is entitled to the proceeds of the policy because the contract for insurance was entered into in the State of Oklahoma and the insurance policy was issued in the State of Massachusetts. She further contends that both of these States recognize the rule which authorizes a divorced wife to collect the proceeds of an insurance policy on the life of her former husband after his death if she is named the beneficiary in the policy even though she has been divorced from him and has no insurable interest in his life at the time of his death. She claims the doctrine of comity will enforce her rights in the matter.

The policy shows on its face that it was issued on December 1, 1938, for one year and that it may be renewed from year to year on the anniversary date for a further term of one year upon the payment of the premiums but the insurer reserves the right to decline the renewal for any year if the number of employees is insufficient to justify a renewal. The policy likewise provides for the payment of premiums annually, semi-annually, quarterly, or monthly upon the agreement of the company and the employer. Under the terms of the policy the employee has the right to name the beneficiary, change the beneficiary, contribute to the payment of the premiums and the insurance of the employee shall automatically cease when he fails to make the required contributions to the employer for his insurance. The policy also provides that the certificate issued to the employee bearing the name of the beneficiary is not a part of the policy. The record reveals that there was no change in the name of the beneficiary on the certificate from the time it was issued and that Clarence W. Dial had resided in Texas continuously since February 15, 1941. According to the terms of the policy the same must have been renewed on December 1, 1941, and again the last time on December 1, 1942, both renewals having been made while the employee was a resident of the State of Texas and before his death on September 27, 1943. It likewise appears from the terms of the policy that the employee must have had some voice and discretion in whether or not the same should be renewed annually and kept in force. It therefore appears that, although the employer and the employee both lived in the State of Oklahoma when the original

contract was made, the employee lived in Texas when the policy was last renewed. But, be that as it may, we do not believe the issues raised in this case should be determined on the question of where the contract was made or where the policy was issued.

Appellant's counsel have ably presented the doctrine of comity which is so often recognized by the Texas courts in the enforcement of substantive rights grounded on some classes of foreign contracts, but we do not find such doctrine applicable to a case of this character.

■ It has long been a rule in Texas that the termination of the relationship of husband and wife by divorce, as was done in the instant case, terminates the insurable interest either has previously had in the life of the other by reason of the marital relationship. It has likewise been held that when such insurable interest so existing has terminated by reason of a divorce the situation is comparable to that in which no insurable interest has existed and a spouse who has been the beneficiary of a life insurance policy by reason of such marital relationship and insurable interest ceases to be such beneficiary after such decree of divorce has been granted. Whiteselle v. Northwestern Mut. Life Ins. Co., Tex.Com. App., 221 S.W. 575, and other authorities therein cited; Hatch v. Hatch, 35 Tex.Civ. App. 373, 80 S.W. 411; 24 Tex.Jur. 785, 786, Sec. 86, and authorities there cited. The rule is recognized in part in the case of McBride v. Clayton, 140 Tex. 71, 166 S.W.2d 125, and other authorities there cited.

■ The rule is likewise well established that it is contrary to public policy in Texas to permit a person to be the beneficiary of a life insurance policy when such person has no insurable interest in the life of the insured. Whiteselle v. Northwestern Mut. Life Ins. Co., supra, and Wilke v. Finn, Tex.Com.App., 39 S.W.2d 836, and other authorities there cited.

■ 11 Am.Jur. 413, Sec. 126, sets forth a rule which we believe controls this case. It provides that the enforcement of a contract will not ordinarily be permitted if it is contrary to good morals or if it violates the public policy of the State in which the forum is located regardless of where the contract was made or when it is to be performed or regardless of its validity. This rule was cited with approval in the case of J. R. Watkins Co. v. McMullan, Tex.Civ.App., 6 S.W.2d 823, and Fidelity Mut. Life Ass'n v. Harris, 94 Tex. 25, 57 S.W. 635, 86 Am.St.Rep. 813. Such rule is followed and made the controlling law in the case of Cole v. Browning, Tex. Civ.App., 187 S.W.2d 588 (writ refused for want of merit), which case is very similar to the instant case in that the named beneficiary in that case was the divorced wife of the insured and was his second wife; that they lived in Indiana when they contracted for the insurance and the policy was written by a company in New York; that the insured resided in Texas when he died and the named beneficiary claimed the State of Missouri as her State of residence; that the insured had only two children, both by his first marriage, to whom the appellate court awarded the proceeds of the policy although the named beneficiary claimed the proceeds by reason of its having been issued in another State which recognized her right to make such claim.

The rule is followed in the case of Bell v. Phillips, 5 Cir., 152 F.2d 188, which opinion quotes with approval and at some length from the case of Cole v. Browning, supra. We likewise find the rule followed in the case of Griffin v. McCoach, 5 Cir., 123 F.2d 550, Id., 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462.

Appellant contends that the fact that she was brought into the Texas courts involuntarily might make a difference in her favor but the record shows she voluntarily came into the State Court after she appeared as a party defendant in the Federal Court and the record also reveals that Clarence W. Dial died on September 27, 1943, and the insurance company filed its bill of interpleader in the Federal Court on January 27, 1944. There was a period of four months from date of the death of the insured until suit was filed during which time it is presumed that any interested party

could have chosen the State and forum for filing the suit, but we do not consider the question of whether or not she came into the Texas Courts voluntarily or involuntarily as being material. The Texas Courts have jurisdiction over the subject matter and appellant is bound by their orders whether she came into them voluntarily or not.

It is our opinion that the case was properly disposed of by the trial court. Appellant's points of error are therefore overruled and the trial court's judgment is affirmed.