Delaware A. Sharpley,

*vs.*

Anna Gertrude Sharpley, widow of Ira E. Sharpley, Bessie Graff and Fred Graff, her husband, Ira Sharpley and Myrtle Sharpley, his wife, Edward Sharpley and Edna Sharpley, his wife, Calver Sharpley and Margaret Sharpley, his wife.

*New Castle, Feb. 19, 1926.*

*Henry R. Isaacs*, for complainant.

*Edward W. Cooch*, for defendants.

THE CHANCELLOR. The Sharpley brothers were tenants in common as to one of these twenty-five acre parcels and coparceners as to the other. Their titles to the two parcels were derived from separate sources. The case is not one where partition is sought of either parcel. It is one where the complainant seeks to secure one parcel and compel his brother's heirs to take the other. The point is raised that the case is one wherein the aid of equity is sought to enforce a parol partition of lands held in common followed by exclusive possession on the part of each tenant in accordance with the parol arrangement, and that, being such, equity will take no cognizance of it. I shall not pause to consider this point. For the purposes of the case I shall assume in favor of the complainant that the point is not well taken. Yet on this assumption the bill must be dismissed.

Parol partition, in those jurisdictions where it is allowed and enforced, must always be accompanied by exclusive possession on the part of each co-tenant of the part or share allotted to him. The persuasive evidence in this case has to do with the strip of land comprising the upper or front and the lower field mentioned in the statement of facts. Now as to that strip the evidence is clear beyond all doubt that Ira Sharpley occupied the most of it from the time of his mother's death in December, 1908, until the day of his own death in March, 1920, a period of over eleven years. This strip is included in what the complainant claims was allotted to him by the agreement with his deceased brother. That agreement of division, if made at all, was made before the end of 1909. Thus Ira occupied a substantial part of Delaware's alleged half for over ten years after it is supposed to have been set off to Delaware. Not only, so, the evidence shows that when the complainant desired to put the tenant Graff on the side which he claims as his own and desired to get a part of the so-called upper field for Graff, he went to his brother Ira and secured his permission. This was about two years after the alleged division, when if it had been made, Ira had no right to be consulted. The possession of the upper and lower fields by Ira and Delaware's seeking Ira's consent to let Graff have a part of the upper field are not consistent with a loss of Ira's title thereto, except upon the theory that Delaware after becoming the sole owner gave his consent that Ira might continue to use them as the tenant. This indeed is what Delaware says he did. Ira is dead. Delaware's exclusive possession of the two fields claimed by him, rests on Ira's possession which is turned into Delaware's by the statement that Delaware suffered Ira to keep them and hold them under him. This is too weak a foundation on which to rest the destruction of a co-tenant's rights.

There is a great amount of testimony adduced by both sides upon matters that do not appear to me to be of much importance. For instance, Delaware says that he took stone off the lower field to build a retaining wall on his place, and points to this as evidence of his ownership of that field, as well as showing improvements made by him. It is difficult for me to attach any significance to that piece of evidence, or to evidence of similar kind. As a co-tenant he had a right to take stone to improve the common property.

Delaware also repaired his house and made some improvements. Suppose he did. He lived in it. Repairing his residence and making some small improvements do not necessarily show anything beyond a desire to be more comfortable. Repairing and improving a common property by one co-tenant are not inconsistent with a continuance of the co-tenancy. Of course if there has been a parol severance of the common estate, improvements made by one of the co-tenants upon the part allotted to him and taken into his exclusive possession may erect an equity in his favor that the parol division should stand. But the difficulty here is that the element of exclusive possession is not satisfactorily demonstrated.

There was a residence on each of these parcels. Ira occupied one and Delaware the other. Nothing was more natural than for each to be fixing up around his own place and to be treating it as his own, and they both appear so far as the land was concerned to have carried on a sort of partnership way of living. The taxes were paid for both sometimes by one and sometimes by the other. For a while insurance was carried on both places in joint names after the alleged division. Then each carried separate policies. This may have been due to the fact that personal property constituted the bulk of the risk insured against. These and many other details are minor. The outstanding fact on the question of possession in severalty is that such possession is not satisfactorily shown touching the exceedingly important item of the two fields claimed by Delaware. Possession of them remained with Ira. Moreover, the testimony shows that after Ira's death in 1920, Delaware tilled the two fields and in the lower field did not adhere to the stone to stone line, but encroached on what he claims was Ira's allotment to the extent, some witnesses say, of as much as forty feet. It is true that two witnesses say they heard Ira say that he and Delaware had divided the land. Ira's wife and three children never, however, heard of it. I would not feel satisfied to allow this case to turn on this alleged admission of Ira's.

For another reason, the prayer of the bill ought to be denied. Equity will not decree the performance of an inequitable contract. *Godwin v. Collins*, 3 *Del. Ch.* 189; on appeal 4 *Houst.* 28. From the evidence I conclude that the half which Delaware claims as his is and was of greater relative value than the share which he desires to

compel Ira's heirs to receive. If the division was made as claimed, it does not appear to have been a fair one and the difference is so great as to warrant the view that equity ought not to enforce it.

Finally, in addition to the considerations above mentioned, it would seem that laches is a bar to the relief asked. The complainant allowed at least fourteen years to go by after the alleged partition was made before appealing to this court for relief. In the meantime death had silenced the lips of his brother, the one person who more than all others was competent to give his version of the matter. The widow and children are driven to grope around as best they may in search of the truth. The complainant says that he and his brother on several occasions arranged to exchange deeds, but neglected to do so. If, when he had the opportunity throughout ten years of his brother's lifetime to effect the division in an unmistakable way, he failed to do so, the fault is his own. It would be inequitable for this court under all the circumstances to supply what his own want of diligence has occasioned. If the case were one where the complainant was in possession under the alleged partition, then it might be argued that mere delay in bringing his suit could not constitute a prejudice to his remedial right in obedience to the general rule applicable to bills for specific performance as stated in Pomeroy in his work on that subject (3d Edition) § 404. But here there is no such possession in the complainant as would justify the argument.

The bill will be dismissed with costs on the complainant.