MARGARET STEINMETZ, PETITIONER-RESPONDENT, v. SNEAD & COMPANY, RESPONDENT-PROSECUTOR.

Argued October 3, 1939—Decided December 14, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Kellogg & Chance* (*R. Robinson Chance*, of counsel).

For the respondent, *William T. Cahill.*

The opinion of the court was delivered by

PERSKIE, J.   We have recently held, in this workmen's compensation case, that the contract between the employer

and employe was made in our state, and that the death of the employe was the result of an accident which arose out of and in the course of his employment. *Steinmetz* v. *Snead & Co.,* 123 *N. J. L.* 138; 8 *Atl. Rep.* (*2d*) 126.

By the writ, as limited, the single question we are called upon now to decide is whether the fact that deceased died as a result of an accident which occurred in Washington, District of Columbia, and the further fact that the Congress had enacted a Workmen's Compensation act for the District of Columbia, without reference to our Workmen's Compensation act, make the federal law thus enacted controlling no matter where the contract of employment was made? Or otherwise stated, was our Workmen's Compensation act unconstitutionally applied (article I, section 8, clause 17 and article VI, section 2 of our Federal Constitution)?

Prosecutor contends that the bureau was without jurisdiction to render the judgment under review; and that to the extent that our Workmen's Compensation act purports to give such jurisdiction, it is unconstitutional.

That contention runs in this vein: Because the Congress is given the power "* * * to exercise exclusive jurisdiction in all cases whatsoever * * * over the District of Columbia" (article I, section 8, clause 17 of our Federal Constitution), because the Congress has exercised that power and, without reference to our act, made provisions for compensation "* * * in respect to the injury or death of an employe (with exceptions not here pertinent) of an employer carrying on any employment in the District of Columbia, irrespective of the place where the injury or death occurs * * *," (act, May 17th, 1928, ch. 612, 45 Stat. 600), and because the accident which resulted in the death of the employe occurred in Washington, District of Columbia, then, irrespective of the place where the contract of employment was entered into (be it New Jersey or the District of Columbia) the federal law only, the supreme law of the land (article VI, section 2 of our Federal Constitution) is controlling.

Is that contention sound? We do not think so. We think that it misconceives the true principle upon which jurisdiction was properly exercised.

While it is true that the legislative power of the Congress is exclusive over lands within a state purchased with its consent by the United States for a constitutional purpose (*Cf. Fort Leavenworth Railroad Co.* v. *Lowe,* 114 *U. S.* 525, 537; 29 *L. Ed.* 264, 268; *Arlington Hotel Co.* v. *Fant,* 278 *U. S.* 439; 73 *L. Ed.* 447; *Murray* v. *Gerrick & Co.,* 291 *U. S.* 315, 319; 78 *L. Ed.* 821, 824), and while it is true that in the exercise of their judicial functions state courts do not trench upon any of the many fields of exclusive federal jurisdiction (*Cf.* for examples, *Rounsaville* v. *Central Railroad Co.,* 90 *N. J. L.* 176; 101 *Atl. Rep.* 182 (interstate commerce); *March* v. *Vulcan Iron Works,* 102 *N. J. L.* 337; 132 *Atl. Rep.* 139 (admiralty)), it is, however, equally true that when, as here, the contract of employment is made in our state, and the injury or death of the employe is the result of an accident which arose out of and in the course of his employment, we award compensation, under our Workmen's Compensation act, to the party entitled thereto notwithstanding the fact that the accident occurred while the employe was temporarily outside our state. (See cases collated in *Steinmetz* v. *Snead & Co., supra* (at *p.* 143)).

Bearing in mind that the respective parties under our Workmen's Compensation act occupy a definite statutory status or relation, which in essence is contractual; that this statutory status or relation was created or effected in our state; and that the widow residing in our state filed a claim petition under our act, the true basis for the justification of the exercise of jurisdiction thereunder becomes increasingly clear. For "* * * where the contract is entered into within the state even though it is to be performed elsewhere, its terms, its obligations and its sanctions are subject in some measure to the legislative control of the state. The fact that the contract is to be performed elsewhere does not of itself, put these incidents beyond the reach of the power which a state may constitutionally exercise." *Cf. Alaska Packers Association* v. *Industrial Accident Comm.,* 294 *U. S.* 532, 541; 79 *L. Ed.* 1044, 1048, and cases there cited. Under the stated principle, no "extra-territorial effect" is given to the status or relationship created under a statute of a state whose power

to legislate is concededly limited to its own territory. *Bradford Electric Light Co.* v. *Clapper*, 286 *U. S.* 145, 156; 76 *L. Ed.* 1026, 1033; *Alaska Packers Association* v. *Industrial Accident Comm., supra.* (Cf. under full faith and credit clause, *Pacific E. Ins. Co.* v. *Industrial Accident Comm.,* 83 *U. S. Advance Opinions, No.* 12, *p.* 594.) Thus, what is given, and what was given here, as pointed out in the Bradford and Alaska Packers cases, is effective acknowledgment of "legal consequences" flowing from a statutory status or relation, contractual in nature. Under our Workmen's Compensation act that status or relation is under our control; it is not limited strictly to occurrences within our territorial boundaries; and it in nowise trenches upon any field of exclusive federal jurisdiction under the supreme law of the land.

We think that the conclusion thus reached finds analogy and persuasive support in *Lynch's Case*, 183 *N. E. Rep.* 834; 86 *A. L. R.* 285. In that case the employe was working on the construction of a new post office building in Boston, Massachusetts. The land upon which the building was erected was owned by the United States, and the place where the employe was hired was Boston. The only defense made to the employe's claim for compensation under the Workmen's Compensation act of Massachusetts was that since the injury occurred on land of the United States the federal government had sole jurisdiction. The Supreme Judicial Court of Massachusetts said that since under the law of Massachusetts an employe hired in that state may recover for an injury occurring in another state, it perceived no "sound ground" for the "application of a different rule when the injury occurred on federal land." Accordingly, it held "the fact that * * * the injury occurred on land of the United States did not render inapplicable the State Workmen's Compensation act." The same court, however, was careful to point out that its holding in Lynch's case was inapplicable "* * * where the contract of employment was made on federal territory and the injury was received there." *Employers' Liability Assurance Corp., Ltd.,* v. *Dileo,* 10 *N. E. Rep.* (2d) 251. The case of *Pound* v. *Gaulding,* 187

*So. Rep.* 468, to which counsel for prosecutor made oral reference at the argument of this cause, is not applicable. In that case the complaint did not disclose on its face where the contract of employment was made.

We are entirely satisfied that our Workmen's Compensation act was not, as urged, unconstitutionally applied and that the bureau had and properly exercised jurisdiction in rendering the judgment sought to be reviewed.

Accordingly, the writ is dismissed, with costs.