# MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *v.* LIEBING.

ERROR TO THE SUPREME COURT OF THE STATE OF MISSOURI.

No. 215. Argued April 21, 24, 1922.—Decided May 29, 1922.

1. A law of the State where a life insurance policy was executed, directing temporary continuance of the full insurance by application of a proportion of the net value in case of default in payment of premiums, controls the parties' later loan agreement, made in the

same State on security of the policy, and stipulating for cancela-tion of the policy in case of default in repaying the loan.   P. 213.
2. Where a life insurance policy, executed in Missouri, contained a positive promise by the insurance company to lend upon security of the policy within the limits of its cash surrender value, and a loan agreement was made and consummated through an application delivered to the insurance company's Missouri agency, its transmission to and approval at the company's home office in New York, discharge there of a past due premium and issuance of a receipt therefor, transmission of the receipt and the company's check for the balance of the loan to the company's Missouri agent, and their delivery in Missouri by such agent to the insured, who cashed the check; held, that the agreement was made in Missouri and governed by the Missouri law.   P. 214.   New York Life Insurance Co. v. Dodge, 246 U. S. 357, distinguished.
226 S. W. 897, affirmed.

ERROR to a judgment against the plaintiff in error recovered in an action upon a life insurance policy.

Mr. Wm. Marshall Bullitt, with whom Mr. Frederick L. Allen, Mr. John H. Holliday, Mr. Frederic D. McKenney, Mr. S. W. Fordyce, Mr. Thomas W. White and Mr. W. H. Woodward were on the briefs, for plaintiff in error.

The loan agreement was a New York contract and was not subject to the laws of Missouri; and the policy was properly canceled under the terms of the loan agreement and in strict compliance with the laws of New York.

The policy was a Missouri contract. Equitable Life Assurance Society v. Clements, 140 U. S. 226; Mutual Life Insurance Co. v. Cohen, 179 U. S. 262; Mutual Life Insurance Co. v. Hill, 193 U. S. 551; Northwestern Life Insurance Co. v. McCue, 223 U. S. 234; New York Life Insurance Co. v. Dodge, 246 U. S. 357.

Blees had the constitutional right, while remaining in Missouri, to make a valid contract, i. e., the loan agreement, outside the State; and Missouri could neither prevent the contract nor modify its terms, even though some acts pursuant to such already existing contract were per-

formed in Missouri. *Allgeyer* v. *Louisiana,* 165 U. S. 578; *New York Life Insurance Co.* v. *Dodge,* 246 U. S. 357.

The loan agreement was a New York contract. *New York Life Insurance Co.* v. *Head,* 234 U. S. 149; *New York Life Insurance Co.* v. *Dodge,* 246 U. S. 357.

It was in New York and in New York alone, that the company acted on the loan agreement (physically there present) by approving and accepting it and thereby creating a contractual relation; that the loan was made; that out of such loan the premium was paid and the policy thereby made obligatory for another year, and the premium receipt signed; that a check for the cash balance was drawn on a New York bank and signed; that the loan agreement was physically and continuously kept from the moment it became a binding contract until this time; that the loan was to be repaid; and that the contract was physically present at its date. As each of those steps was taken, and to be taken, in New York and nowhere else, it cannot possibly be a Missouri contract, simply because a receipt (mere evidence of a past part payment in New York) and a check on a New York bank were sent by the Mutual Life from New York to be physically delivered to Blees in Missouri. They were, as in the *Allgeyer Case, supra,* mere collateral acts performed pursuant to a valid contract previously made outside of Missouri.

If a Missouri court can hold, as here, that the mere preliminary act of writing the proposal in Missouri, and its delivery to a local agent, plus the final act of physically receiving in Missouri a portion of the proceeds of a loan previously made in New York, makes it a Missouri contract, then, could not a New York court hold, with equal force, that, as the acceptance took place in New York, as the loan was made in New York, as the money was applied to the past due premium and interest there, and as a check was mailed from New

York for the cash balance, it was a New York contract? And yet a loan agreement cannot be, at one and the same time, both a Missouri contract and a New York contract. Whether a particular contract is of one State or the other depends on certain principles which have been laid down by the courts, and are not difficult of application here, because this court has in the *Head* and *Dodge Cases* decided the precise question.

*Mr. James J. O'Donohoe* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit to recover upon a policy insuring the life of one Blees, issued to him and subsequently assigned by him to his wife, now Mrs. Liebing, the plaintiff (defendant in error). The contract was made on September 29, 1901, by the defendant (the plaintiff in error), in Missouri, by a delivery of the policy to Blees in Macon, Missouri, where he lived. Three annual premiums were paid. After the fourth was due, within the time allowed, Blees and his wife signed an application for a loan of $9,550 and sent it with the policy to the defendant's agency at St. Louis, by which it was forwarded to New York. The application followed the terms of the policy, which agreed that after it had been in force three years the company would lend amounts within the cash surrender value, upon certain conditions, the policy being assigned as security. Following these terms the application deducted from the cash to be received the fourth annual premium and an adjustment of interest, leaving the balance to be paid $4,790.50. The loan was to be for one year and the application authorized the company upon default to cancel the policy and apply the customary cash surrender consideration to the payment of the loan. The application was approved in New York and a check for $4,790.50 to the order of Mr. and Mrs. Blees, with a receipt for the fourth premium, was

sent from New York to the company's manager in St. Louis and by him forwarded to a local agent who delivered the documents to Blees. The check was endorsed and paid. A year later when repayment was due it was not made. Thereupon on December 4, 1905, the company canceled the policy and applied the surrender value to the loan, which was of equal amount, leaving a deficit of $74.57 interest. Blees died on September 8, 1906, and upon inquiry from Mrs. Blees the company notified her of what had been done. Its action had been in accordance with the terms of its contract and the law of New York. But some years later, Mrs. Blees, now Mrs. Liebing, brought the present action relying upon the Revised Statutes of Missouri, 1899, § 7897, set forth and considered in *New York Life Insurance Co.* v. *Dodge,* 246 U. S. 357, and, after a previous decision the other way, she recovered by the final judgment of the Supreme Court of the State. 226 S. W. 897.

The Missouri statute provided that such policies as the present, after three annual payments, should not become void for nonpayment of premiums, but that three-fourths of the net value of the policy after deducting certain liabilities should be taken as a premium for temporary insurance for the full amount written in the policy. It is not disputed that if this statute governs the case, the plaintiff stood as having a policy for the original amount at the death of Mr. Blees. In *New York Life Insurance Co.* v. *Dodge,* 246 U. S. 357, it was held that when the later transaction was consummated in New York, Missouri could not prohibit a citizen within her borders from executing it. But if the later contract was made in Missouri, then by the present and earlier decisions notwithstanding any contrary agreement the statute does govern the case. See 246 U. S. 366.

The policy now sued upon contained a positive promise to make the loan if asked, whereas in the one last men-

tioned it might be held that some discretion was reserved to the company. For here the language is "the company will . . . loan amounts within the limits of the cash surrender value", &c., whereas there it was "cash loans can be obtained." On this distinction the Missouri court seems to have held that as soon as the application was delivered to a representative of the company in Missouri the offer in the policy was accepted and the new contract complete, and therefore subject to Missouri law. If, however, the application should be regarded as only an offer the effective acceptance of it did not take place until the check was delivered to Blees, which again was in Missouri where he lived. In whichever way regarded the facts lead to the same conclusion, and although the circumstances may present some temptation to seek a different one by ingenuity, the Constitution and the first principles of legal thinking allow the law of the place where a contract is made to determine the validity and the consequences of the act.

*Judgment affirmed.*