ALASKA PACKERS ASSOCIATION *v.* INDUSTRIAL ACCIDENT COMMISSION OF CALIFORNIA ET AL.

No. 465.  Argued February 8, 11, 1935.—Decided March 11, 1935.

Mr. *Francis Gill,* with whom *Messrs. Frank D. Madison, Marshall P. Madison,* and *Eugene M. Prince* were on the brief, for appellant.

534

536

*Mr. Everett A. Corten,* with whom *Messrs. Elmer P. Delany* and *George C. Faulkner* were on the brief, for appellees.

MR. JUSTICE STONE delivered the opinion of the Court.

This is an appeal under § 237 of the Judicial Code from a judgment of the Supreme Court of California, 1 Cal. (2d) 250; 34 P. (2d) 716, upholding an award of compensation, by the state Industrial Accident Commission, to appellee Palma, against appellant, his employer, and holding that the award does not infringe prohibitions of the Federal Constitution. The award was made in conformity to the statutes of California, where the contract of employment was entered into, rather than those of Alaska, where the injury occurred.

On May 13, 1932, Palma, a non-resident alien, and appellant, doing business in California, executed at San Francisco a written contract of employment. Palma agreed to work for appellant in Alaska during the salmon canning season; the appellant agreed to transport him to Alaska and, at the end of the season, to return him to San Francisco where he was to be paid his stipulated wages, less advances. The contract recited that appellant had elected to be bound by the Alaska Workmen's Compensation Law [1] and stipulated that the parties should be subject to and bound by the provisions of that statute. Section 58 of the California Workmen's Compensation Act [2] was then in force, which provides:

" The commission shall have jurisdiction over all controversies arising out of injuries suffered without the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of the injury and the contract of hire was made in this State, . . ." At that time the California Supreme Court had held in *Quong Ham Wah Co.* v. *Industrial Accident Comm'n*, 184 Cal. 26, 36–44; 192 Pac. 1021 (writ of error dismissed, 255 U. S. 445), that this section was applicable to non-residents of California, since the privileges and immunities clause of the Federal Constitution prevented giving any effect to the requirement that the employee be a resident. The California Workmen's Compensation Act also provides, § 27 (a):

" No contract, rule or regulation shall exempt the employer from liability for the compensation fixed by this act, . . ."

In August, 1932, after his return from Alaska to California, the employee applied for and later received an

---

[1] L. 1929, c. 25; Comp. Laws, 1933, c. XXXII, Art. IV.

[2] L. 1913, c. 176; L. 1917, c. 586; L. 1919, c. 471; L. 1923, c. 161, c. 379; L. 1929, c. 227; L. 1931, c. 944.

award by the California Commission in compensation for injuries received by him in the course of his employment in Alaska. On petition for review by the state supreme court, appellant assailed the California statute, as he does here, as invalid under the due process and the full faith and credit clauses of the Federal Constitution. Insofar as the California statute denies validity to the agreement that the parties should be bound by the Alaska Workmen's Compensation Act, and attempts to give a remedy for injuries suffered by a non-resident employee without the state, it is challenged as a denial of due process. Petitioner also insists that as the Alaska statute affords, in Alaska, an exclusive remedy for the injury which occurred there, the California courts denied full faith and credit to the Alaska statute by refusing to recognize it as a defense to the application for an award under the California statute.

In refusing to set aside the award of the state commission, the Supreme Court of California ruled, as in *Quong Ham Wah Co.* v. *Industrial Accident Comm'n, supra,* that § 58 of the California Compensation Act was applicable to Palma, although a non-resident alien; that, as the contract of employment was entered into within the state, the stipulation that the Alaska Act should govern was invalid under § 27 (a). It concluded that the Alaska statute afforded a remedy to the employee in Alaska and held that by setting up the defense of the Alaska statute in California the two statutes were brought into conflict, and that in the circumstances neither the due process clause nor the full faith and credit clause denied to the state the power to apply its own law, to the exclusion of the Alaska Act, in fixing and awarding compensation for the injury.

1. The question first to be considered is whether a state, which may constitutionally impose on employer and employee a system of compensation for injuries to the employee in the course of his employment within the state, *New York Central R. Co.* v. *White,* 243 U. S. 188; *Moun-*

*tain Timber Co.* v. *Washington,* 243 U. S. 219, is precluded by the due process clause, in the special circumstances of this case, from imposing liability for injuries to the employee occurring in Alaska.

The California statute does not purport to have any extraterritorial effect, in the sense that it undertakes to impose a rule for foreign tribunals, nor did the judgment of the state supreme court give it any. The statute assumes only to provide a remedy to be granted by the California Commission for injuries, received in the course of employment entered into within the state, wherever they may occur. Compare *Bradford Electric Light Co.* v. *Clapper,* 286 U. S. 145, 153. We assume that in Alaska the employee, had he chosen to do so, could have claimed the benefits of the Alaska statute, and that if any effect were there given to the California statute, it would be only by comity or by virtue of the full faith and credit clause. *Bradford Electric Light Co.* v. *Clapper, supra.*

The due process clause denies to a state any power to restrict or control the obligation of contracts executed and to be performed without the state, as an attempt to exercise power over a subject matter not within its constitutional jurisdiction. *New York Life Ins. Co.* v. *Head,* 234 U. S. 149, 162–164; *New York Life Ins. Co.* v. *Dodge,* 246 U. S. 357, 377; *Home Insurance Co.* v. *Dick,* 281 U. S. 397, 407, 408; compare *National Union Fire Ins. Co.* v. *Wanberg,* 260 U. S. 71, 75. Similarly, a state may not penalize or tax a contract entered into and to be performed outside the state, although one of the contracting parties is within the state. *Allgeyer* v. *Louisiana,* 165 U. S. 578; *St. Louis Cotton Compress Co.* v. *Arkansas,* 260 U. S. 346, 348; *Compañía General de Tabacos de Filipinas* v. *Collector,* 275 U. S. 87.

But where the contract is entered into within the state, even though it is to be performed elsewhere, its terms, its obligation and its sanctions are subject, in some meas-

ure, to the legislative control of the state. The fact that the contract is to be performed elsewhere does not of itself put these incidents beyond reach of the power which a state may constitutionally exercise. *Selover, Bates & Co.* v. *Walsh,* 226 U. S. 112, 123; *Mutual Life Ins. Co.* v. *Liebing,* 259 U. S. 209, 214; *Manhattan Life Ins. Co.* v. *Cohen,* 234 U. S. 123, 136; compare *Aetna Life Ins. Co.* v. *Dunken,* 266 U. S. 389, 397–400.

While similar power to control the legal consequences of a tortious act committed elsewhere has been denied, *Western Union Telegraph Co.* v. *Brown,* 234 U. S. 542, 547; *Western Union Telegraph Co.* v. *Chiles,* 214 U. S. 274, 278; compare *Western Union Telegraph Co.* v. *Commercial Milling Co.,* 218 U. S. 406, the liability under workmen's compensation acts is not for a tort. It is imposed as an incident of the employment relationship, as a cost to be borne by the business enterprise, rather than as an attempt to extend redress for the wrongful act of the employer. See *Bradford Electric Light Co.* v. *Clapper, supra,* 157, 158. The California court has declared: " The contract creates a relationship under the sanction of the law and the same law attaches as an incident thereto an obligation to compensate for injuries sustained abroad amounting to a sort of compulsory insurance." *Quong Ham Wah Co.* v. *Industrial Accident Comm'n, supra,* 36. Obviously the power of a state to effect legal consequences is not limited to occurrences within the state if it has control over the status which gives rise to those consequences. That it has power, through its own tribunals, to grant compensation to local employees, locally employed, for injuries received outside its borders, and likewise has power to forbid its own courts to give any other form of relief for such injury, was fully recognized by this Court in *Bradford Electric Light Co.* v. *Clapper, supra,* 156. Objections which are founded upon the Fourteenth Amendment must, therefore, be directed, not to

the existence of the power to impose liability for an injury outside state borders, but to the manner of its exercise as being so arbitrary or unreasonable as to amount to a denial of due process.

We cannot say that the statutory requirement of California, that the provisions for compensation shall extend to injuries without the state when the contract for employment was entered into within it, is given such an unreasonable application in the present case as to transcend constitutional limitations. The employee, an alien more than 2,000 miles from his home in Mexico, was, with fifty-three others, employed by petitioner in California. The contract called for their transportation to Alaska, some 3,000 miles distant, for seasonal employment of between two and three months, at the conclusion of which they were to be returned to California, and were there to receive their wages.

The meagre facts disclosed by the record suggest a practice of employing workers in California for seasonal occupation in Alaska, under such conditions as to make it improbable that the employees injured in the course of their employment in Alaska would be able to apply for compensation there. It was necessary for them to return to California in order to receive their full wages. They would be accompanied by their fellow workers, who would normally be the witnesses required to establish the fact of the injury and its nature. The probability is slight that injured workmen, once returned to California, would be able to retrace their steps to Alaska, and there successfully prosecute their claims for compensation. Without a remedy in California, they would be remediless, and there was the danger that they might become public charges, both matters of grave public concern to the state.

California, therefore, had a legitimate public interest in controlling and regulating this employer-employee relationship in such fashion as to impose a liability upon the

employer for an injury suffered by the employee, and in providing a remedy available to him in California. In the special circumstances disclosed, the state had as great an interest in affording adequate protection to this class of its population as to employees injured within the state. Indulging the presumption of constitutionality which attaches to every state statute, we cannot say that this one, as applied, lacks a rational basis or involved any arbitrary or unreasonable exercise of state power.

It is unnecessary to consider what effect should be given to the California statute if the parties were domiciled in Alaska or were their relationship to California such as to give it a lesser interest in protecting the employee by securing for him an adequate and readily available remedy.

In providing a remedy for a liability which the state was authorized to impose, California was not required by the Fourteenth Amendment to prescribe the Alaska remedy rather than its own. Only the full faith and credit clause imposes on the courts of one state the duty so to enforce the laws of another.

Nor did the State of California exceed its constitutional power by prohibiting any stipulation exempting the employer from liability for the compensation prescribed by the California statute. Legislation otherwise within the scope of acknowledged state power, not unreasonably or arbitrarily exercised, cannot be condemned because it curtails the power of the individual to contract. *Hardware Dealers Mutual Fire Ins. Co.* v. *Glidden Co.*, 284 U. S. 151, 157, 158. As the state had the power to impose the liability in pursuance of state policy, it was a rational, and therefore a permissible, exercise of state power to prohibit any contract in evasion of it. *Chicago, B. & Q. R. Co.* v. *McGuire*, 219 U. S. 549, 571; see *Second Employers' Liability Cases*, 223 U. S. 1, 52; *Philadelphia, B. & W. R. Co.* v. *Schubert*, 224 U. S. 603, 609.

2. Even though the compensation acts of either jurisdiction may, consistently with due process, be applied in either, the question remains whether the California court has failed to accord full faith and credit to the Alaska statute in refusing to allow it as a defense to the award of the California Commission. Appellant contends that as the provisions of the Alaska statute conflict with those of the California statutes, the full faith and credit clause and R. S. §§ 905, 906, U. S. C., Title 28, §§ 687, 688, requiring that full faith and credit be accorded to territorial statutes, see *Atchison, T. & S. F. Ry. Co.* v. *Sowers,* 213 U. S. 55, 64, 65, compel recognition of the Alaska statute as a defense to the proceedings before the California Commission; that the award of the Commission should accordingly be set aside, leaving the employee to his remedy under the Alaska statute in California, if California provides the remedy, or remitting the parties to their proceeding in Alaska under the territorial statute.

Both statutes are compensation acts, substituting for the common law recovery for negligence a right to recover compensation at specified rates for injuries to employees in the course of their employment. The California Act is compulsory, § 6 (a); the Alaska Act is similarly effective, unless the employer or employee elects not to be bound by it, §§ 1, 31, 35, which in this case they have not done. The California Act is administered by a Commission; the Alaska Act provides for recovery by suit in the courts of the Territory, brought in the judicial division where the injury occurs (§§ 24, 25). Each act provides that the liability imposed and the remedy given by it are in lieu of all others for the injury suffered. §§ 6 (a), 27 (a) of the California Act; §§ 1, 10, 28 of the Alaska Act. While § 58 of the California statute authorizes the Commission to make an award for injuries suffered without the state, when the contract of employment is entered into within, it does not purport to provide, by regulation of the con-

tract of employment or otherwise, that the parties may not resort, without the state, to other remedies given by the statutes in force at the place of injury. Compare *Bradford Electric Light Co.* v. *Clapper, supra,* 153. The Alaska Act, § 25, provides that no action shall be brought under the statute in any court outside the territory, except in the case where it is not possible to obtain service of process on the defendant within the territory; it is conceded that appellant may there be served.

Petitioner, in relying on the Alaska statute as a defense in California, points out that it makes no distinction between residents and non-residents but gives a remedy to every employee injured in the course of his employment in Alaska, and invokes the rule, often followed in this Court, that suits to recover for personal injury are transitory, and that the jurisdiction creating the right may not, by restricting the venue, preclude recovery in any court outside the state having jurisdiction. See *Atchison, T. & S. F. Ry. Co.* v. *Sowers, supra,* 70; *Tennessee Coal, Iron & R. Co.* v. *George,* 233 U. S. 354. The Supreme Court of California, accepting this view, nevertheless refused to give effect to the Alaska statute because of its conflict with the California compensation act. Since each statute provides a different remedy, the court recognized that, by setting up the Alaska statute as a defense to the award of the Commission, the two statutes were brought into direct conflict. It resolved the conflict by holding that the courts of California were not bound by the full faith and credit clause to apply the Alaska statute instead of its own.

To the extent that California is required to give full faith and credit to the conflicting Alaska statute, it must be denied the right to apply in its own courts a statute of the state, lawfully enacted in pursuance of its domestic policy. We assume, as did the state court, that the remedy provided in the Alaska statute is one which could also be applied by the California courts, except for the con-

flict. We also assume, as the parties concede, that by R. S. §§ 905, 906, the command of the full faith and credit clause is made applicable to territorial statutes with the same force and effect as that of the constitutional provision with respect to statutes of the states, see *Embry* v. *Palmer*, 107 U. S. 3, 8-10; *Atchison, T. & S. F. Ry.* v. *Sowers, supra,* 64, 65.[3] The subject of our inquiry is therefore whether the full faith and credit clause requires the state of California to give effect to the Alaska statute, rather than its own.

It has often been recognized by this Court that there are some limitations upon the extent to which a state will be required by the full faith and credit clause to enforce even the judgment of another state, in contravention of its own statutes or policy. See *Wisconsin* v. *Pelican Insurance Co.,* 127 U. S. 265; *Huntington* v. *Attrill,* 146 U. S. 657; *Finney* v. *Guy,* 189 U. S. 335; see also *Clarke* v. *Clarke,* 178 U. S. 186; *Hood* v. *McGehee,* 237 U. S. 611; compare *Gasquet* v. *Fenner,* 247 U. S. 16.

---

[3] Section 1, Article IV, of the Constitution provides:

" Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

The Act of May 26, 1790, c. 11, 1 Stat. 122, provided for the proper authentication of the acts, records and judicial proceedings and declared:

"And the said records and judicial proceedings authenticated as aforesaid, shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the state from whence the said records are or shall be taken."

That of March 27, 1804, c. 56, 2 Stat. 298, extended the provisions of this statute to the public acts, records and judicial proceedings of the territories of the United States. These enactments subsequently became §§ 905, 906 of the Revised Statutes, U. S. C., Tit. 28 §§ 687, 688.

In the case of statutes, the extra-state effect of which Congress has not prescribed, where the policy of one state statute comes into conflict with that of another, the necessity of some accommodation of the conflicting interests of the two states is still more apparent. A rigid and literal enforcement of the full faith and credit clause, without regard to the statute of the forum, would lead to the absurd result that, wherever the conflict arises, the statute of each state must be enforced in the courts of the other, but cannot be in its own. Unless by force of that clause a greater effect is thus to be given to a state statute abroad than the clause permits it to have at home, it is unavoidable that this Court determine for itself the extent to which the statute of one state may qualify or deny rights asserted under the statute of another. See *Olmsted* v. *Olmsted,* 216 U. S. 386; *Aetna Life Ins. Co.* v. *Dunken, supra,* 393.

The necessity is not any the less whether the statute and policy of the forum is set up as a defense to a suit brought under the foreign statute or the foreign statute is set up as a defense to a suit or proceedings under the local statute. In either case, the conflict is the same. In each, rights claimed under one statute prevail only by denying effect to the other. In both the conflict is to be resolved, not by giving automatic effect to the full faith and credit clause, compelling the courts of each state to subordinate its own statutes to those of the other, but by appraising the governmental interests of each jurisdiction, and turning the scale of decision according to their weight.

The enactment of the present statute of California was within state power and infringes no constitutional provision. *Prima facie* every state is entitled to enforce in its own courts its own statutes, lawfully enacted. One who challenges that right, because of the force given to a conflicting statute of another state by the full faith and credit clause, assumes the burden of showing, upon some rational

basis, that of the conflicting interests involved those of the foreign state are superior to those of the forum. It follows that not every statute of another state will override a conflicting statute of the forum by virtue of the full faith and credit clause; that the statute of a state may sometimes override the conflicting statute of another, both at home and abroad; and, again, that the two conflicting statutes may each prevail over the other at home, although given no extraterritorial effect in the state of the other.

This was fully recognized by this Court in *Bradford Electric Light Co.* v. *Clapper, supra,* 157–162. There, upon an appraisal of the governmental interests of the two states, Vermont and New Hampshire, it was held that the Compensation Act of Vermont, where the status of employer and employee was established, should prevail over the conflicting statute of New Hampshire, where the injury occurred and the suit was brought. In reaching that conclusion, weight was given to the following circumstances: that liability under the Vermont Act was an incident of the status of employer and employee created within Vermont, and as such continued in New Hampshire where the injury occurred; that it was a substitute for a tort action, which was permitted by the statute of New Hampshire; that the Vermont statute expressly provided that it should extend to injuries occurring without the state and was interpreted to preclude recovery by proceedings brought in any other state; and that there was no adequate basis for saying that the compulsory recognition of the Vermont statute by the courts of New Hampshire would be obnoxious to the public policy of that state.[4]

If, for the reasons given, the Vermont statute was held to override the New Hampshire statute in the courts of

---

[4] The case arose in the federal district court for New Hampshire. The state court had not spoken on the subject.

New Hampshire, it is hardly to be supposed that the Constitution would require it to be given any less effect in Vermont, even though the New Hampshire statute were set up as a defense to proceedings there. Similarly, in the present case, only if it appears that, in the conflict of interests which have found expression in the conflicting statutes, the interest of Alaska is superior to that of California, is there rational basis for denying to the courts of California the right to apply the laws of their own state. While in *Bradford Electric Light Co.* v. *Clapper, supra,* it did not appear that the subordination of the New Hampshire statute to that of Vermont, by compulsion of the full faith and credit clause, would be obnoxious to the policy of New Hampshire, the Supreme Court of California has declared it to be contrary to the policy of the State to give effect to the provisions of the Alaska statute and that they conflict with its own statutes.

There are only two differences material for present purposes, between the facts of the *Clapper* case and those presented in this case: the employee here is not a resident of the place in which the employment was begun, and the employment was wholly to be performed in the jurisdiction in which the injury arose. Whether these differences, with a third—that the Vermont statute was intended to preclude resort to any other remedy even without the state—are, when taken with the differences between the New Hampshire and Alaska compensation laws, sufficient ground for withholding or denying any effect to the California statute in Alaska, we need not now inquire. But it is clear that they do not lessen the interest of California in enforcing its compensation act within the state, or give any added weight to the interest of Alaska in having its statute enforced in California. We need not repeat what we have already said of the peculiar concern of California in providing a remedy for those in the situation of the present employee. Its interest is sufficient to justify its

legislation and is greater than that of Alaska, of which the employee was never a resident and to which he may never return. Nor should the fact that the employment was wholly to be performed in Alaska, although temporary in character, lead to any different result. It neither diminishes the interest of California in giving a remedy to the employee, who is a member of a class in the protection of which the state has an especial interest, nor does it enlarge the interest of Alaska whose temporary relationship with the employee has been severed.

The interest of Alaska is not shown to be superior to that of California. No persuasive reason is shown for denying to California the right to enforce its own laws in its own courts, and in the circumstances the full faith and credit clause does not require that the statutes of Alaska be given that effect.

*Affirmed.*