### TUCKER v. TEXAS CO.
No. 14230.

United States Court of Appeals
Fifth Circuit.

April 27, 1953.

Rehearing Denied June 8, 1953.

Thos. M. Phillips, Houston, Tex., Frank G. Harmon, Ralph Carrigan and Baker, Botts, Andrews & Parish, Houston, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a summary judgment entered upon motion of the defendant, appellee. For convenience appellant will be referred to as plaintiff and appellee as defendant.

Plaintiff, a resident of Texas, was a regular employee of the Aber Company, Inc. which had its principal place of business in Houston, Texas. He was sent to Louisiana to work for his employer in carrying out its contract for the insulation of certain equipment owned and operated by the defendant. Under that contract, the defendant was to furnish, erect and dismantle scaffolding required for the insulation work. On May 13, 1949, while engaged in insulating the legs of a spherical tank located at the defendant's cycling plant in Erath, Louisiana, the scaffolding board on which the plaintiff was standing broke, causing him to fall about 9 feet to the cement base below and to suffer serious injuries. The grounds upon which the district court granted the defendant's motion for summary judgment were that: (a) the rights and liabilities of the parties were governed by the law of Louisiana where the accident occurred; (b) under section 34 of the Louisiana Workmen's Compensation Act, LSA–Revised Statutes 23:1032,[1] the rights and remedies granted under that Act are exclusive; (c) under Section 6 of the Louisiana Workmen's Compensation Act, LSA–Revised Statutes 23:1061,[2] the

Warner F. Brock, Houston, Tex., Combs, Brown & Brock, Horace F. Brown, Houston, Tex., for appellant.

1. "The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations.

"Nothing in this Chapter shall affect the liability of the employer to a fine or penalty under any other statute."

2. "Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee em-

plaintiff as an employee of an independent contractor may recover compensation against the defendant where the work undertaken by the independent contractor is a part of the defendant's trade, business, or occupation; and (d) the work undertaken by the Aber Company, Inc. at the Erath Cycling Plant was in fact a part of the trade, business, or occupation of the defendant.

In review of these grounds for entering the summary judgment, this appeal presents two principal questions: (1) are the rights of the plaintiff and the liability of the defendant governed by the law of Louisiana; and (2) if so, does the record present a fact issue for a jury to decide as to whether the business of insulating carried on by the plaintiff's employer, Aber Company, Inc., is a part of the defendant's trade, business, or occupation.

■■ The federal district court sitting in Texas must conform to the conflict of laws rule prevailing in Texas state courts, Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477; Palmer v. Chamberlin, 5 Cir., 191 F.2d 532, 536, 27 A.L.R.2d 416. Texas, of course, recognizes the general principle that the law of the place of wrong determines whether a person has sustained a legal injury, A.L.I., Restatement, Conflict of Laws, Sec. 378; 11 Am.Jur., Conflict of Laws, Sec. 182; 2 Beale, Conflict of Laws, Sec. 378.1, p. 1288; Mexican National Railroad Co. v. Jackson, 89 Tex. 107, 33 S.W. 857, 31 L.R.A. 276; Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Tex. 185, 97 S.W. 459, 7 L.R.A., N.S., 191. The Texas Workmen's Compensation Act, however, provides that, if an employee hired in Texas sustain injury in the course of his employment outside of the State, he shall be entitled to compensation according to the law of the State of Texas.[3] The Texas Act also preserves the rights of injured employees as against third persons.[4]

■ A series of decisions by the Supreme Court over the course of years has established that an employee may constitutionally seek compensation under the workmen's compensation laws of either the state of his contract or the state of his injury, and may even seek recovery under the acts of both states, if the act under which he secures his first recovery does not in terms make its award final and exclusive. Bradford Electric Light Company, Inc., v. Clapper, Administratrix, 286 U.S. 145, 52 S.Ct.

---

ployed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.

"Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."

3. Tex.Rev.Stat., 8306, § 19, Vernon's Ann. Civ.St. art. 8306, § 19: "If an employee, who has been hired in this State, sustain injury in the course of his employment he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State, and that such employee, though injured out of the State of Texas, shall be entitled to the same rights and remedies as if injured within the State of Texas * * *.

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

4. Tex.Rev.Stat. 8307, § 6a. Vernon's Ann. Civ.St. art. 8306, § 19: "Where the injury for which compensation is payable under this law was caused under circumstances creating a legal liability in some person other than the subscriber to pay damages in respect thereof, the employe may at his option proceed either at law against that person to recover damages or against the association for compensation under this law, but not against both * * *."

571, 76 L.Ed. 1026; State of Ohio v. Chattanooga Boiler & Tank Co., 289 U.S. 439, 53 S.Ct. 663, 77 L.Ed. 1307; Alaska Packers Association v. Industrial Accident Commission of California, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044; Pacific Employers Insurance Company v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940; Magnolia Petroleum Company v. Hunt, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149; Industrial Commission of Wisconsin v. McCartin, 330 U.S. 622, 67 S.Ct. 886, 91 L.Ed. 1140. The reasoning which permits a state to project its workmen's compensation laws across state lines is clearly stated in Alaska Packers Association v. Industrial Accident Commission of California, 294 U.S. 532, 540, 541, 55 S.Ct. 518, 521:

"But where the contract is entered into within the state, even though it is to be performed elsewhere, its terms, its obligation, and its sanctions are subject, in some measure, to the legislative control of the state. The fact that the contract is to be performed elsewhere does not of itself put these incidents beyond reach of the power which a state may constitutionally exercise. Selover, Bates & Co. v. Walsh, 226 U.S. 112, 123, 33 S.Ct. 69, 57 L.Ed. 146; Mutual Life Ins. Co. v. Liebing, 259 U.S. 209, 214, 42 S.Ct. 467, 66 L.Ed. 900; Manhattan Life Ins. Co. v. Cohen, 234 U.S. 123, 136, 34 S.Ct. 874, 58 L.Ed. 1245; compare Aetna Life Ins. Co. v. Dunken, 266 U.S. 389, 397–400, 45 S.Ct. 129, 69 L.Ed. 342.

"While similar power to control the legal consequences of a tortious act committed elsewhere has been denied, Western Union Telegraph Co. v. Brown, 234 U.S. 542, 547, 34 S.Ct. 955, 58 L.Ed. 1457; Western Union Telegraph Co. v. Chiles, 214 U.S. 274, 278, 29 S.Ct. 613, 53 L.Ed. 994; compare Western Union Telegraph Co. v. Commercial Milling Co., 218 U.S. 406, 31 S.Ct. 59, 54 L.Ed. 1088, the liability under Workmen's Compensation Acts is not for a tort. It is imposed as an incident of the employment relationship, as a cost to be borne by the business enterprise, rather than as an attempt to extend redress for the wrongful act of the employer. See Bradford Electric Light Co. v. Clapper, supra, 286 U.S. [145] 157, 158, 52 S.Ct. 571 [76 L.Ed. 1026]. The California court has declared: 'The contract creates a relationship under the sanction of the law and the same law attaches as an incident thereto an obligation to compensate for injuries sustained abroad amounting to a sort of compulsory insurance.' Quong Ham Wah Co. v. Industrial Accident Comm., supra, 184 Cal. [26] 36, 192 P. 1021, 1025 [12 A.L.R. 1190]. Obviously, the power of a state to effect legal consequences is not limited to occurrences within the state if it has control over the status which gives rise to those consequences. That it has power, through its own tribunals, to grant compensation to local employees, locally employed, for injuries received outside its borders, and likewise has power to forbid its own courts to give any other form of relief for such injury, was fully recognized by this Court in Bradford Electric Light Co. v. Clapper, supra, 286 U.S. 156, 52 S.Ct. 571."

■ It will be noted that the court expressly recognizes that there is no "similar power to control the legal consequences of a tortious act committed elsewhere". When the laws of Texas cannot be extended into Louisiana by reason of a contract, relationship, or status existing in Texas, it is clear that the cause of action for tort can be given only by the law of the place where the tort was committed; in this case by the law of Louisiana. Indeed, the Texas Act in preserving the rights of employees to proceed against third persons does not attempt to create causes of action against third persons for wrongs occurring in other states, Texas Rev.Stat. 8307, § 6a, Vernon's Ann.Civ.St. art. 8307, § 6a, footnote 4, supra.

■ The American Law Institute, Restatement of the Law, 1948 Supplement, pages 151 and 152, modifies and rewrites Sec. 401 of the Restatement, Conflict of

Laws, to cover the situation presented in this case:

"Sec. 401. Abolition of Right of Action for Common Law Tort or Wrongful Death.

"i. Section: Substitute for original Section the following Section:

"If a cause of action in tort or an action for wrongful death either against the employer or against a third person has been abolished by a Workmen's Compensation Act of the place of wrong, no action can be maintained for such tort or wrongful death in any state." [5]

In support of that position, we would cite further the full discussion by Judge Magruder for the First Circuit in Bagnell v. Springfield Sand & Tile Co., 144 F.2d 65, 68 to 74, and the text of 2 Beale, Conflict of Laws, Sec. 378.1 p. 1288, reading:

"It is impossible for a plaintiff to recover in tort unless he has been given by some law a cause of action in tort; and this cause of action can be given only by the law of the place where the tort was committed. That is the place where the injurious event occurs, and its law is the law therefore which applies to it. If, therefore, there was no cause of action created at the place where the person or thing took harm, or if no cause of action there is proved to the court, there can be no recovery for tort. *This is the case where the act, by the law of the place of wrong, gives rise to no action of tort, but only to an action on the the workmen's compensation act.* * * *." (Emphasis ours.)

■ Alternatively, the plaintiff insists that the Workmen's Compensation Act of Louisiana does not apply for one of two reasons and, therefore, that even under Louisiana law [6] the plaintiff still has a cause of action in tort against the defendant. First, the plaintiff says that the case of McKane v. New Amsterdam Casualty Co., La.App., 199 So. 175, 182, settled the principle that the intention of the parties governs as to the workmen's compensation act to be applied. The defendant replies that the later case of Ohlhausen v. Sternburg Dredging Co., 218 La. 677, 50 So.2d 803, departed from the intent theory of the McKane case and that, under that later de-

5. Same text, continuing:
   "Change: The words 'where the contract of employment was made or of the place' in the original Section have been deleted. (Those words followed immediately 'Workmen's Compensation Act of the place'.)
   "ii. Comment b: Substitute for original Comment b the following Comment b:
   "b. Effect of Constitution of United States. If the compensation Act of the State where the contract of employment is made abolishes the common law or statutory right of action either as a result of the fact that the employment was entered into in that State or by reason of the election of the parties to come within the operation of that Act, no action can be maintained in any State irrespective of where the workman was injured or killed unless the State where the wrong occurred has declared the Act obnoxious to its policy of permitting recovery for the protection of the interests of persons living in the State. This result is required as between States of the United States under the full faith and credit clause of the Constitution.
   "Change: The clause in the first sentence beginning with the word 'unless' is new.
   "Reason for changes i and ii: The reconciliation by the Supreme Court of the United States of Bradford Electric Light Co. v. Clapper, 1932, 286 U.S. 145, 52 S. Ct. 571, 76 L.Ed. 1026, 82 A.L.R. 696, in the case of Pacific Employers Insurance Co. v. Industrial Accident Commission, 1939, 306 U.S. 493, 59 S.Ct. 629, 83 L. Ed. 940, makes the change necessary in this Section. In the earlier case, effect was given to the abolition of the right of action by the state of employment, whereas in the latter case, effect was not given to it because of the declared policy of the state injury to allow recovery for the protection of its residents."

6. Article 2315 of the Louisiana Statutes Annotated Civil Code reading in part: "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it; * * *." See also LSA–R.S. 23:1101.

cision, regardless of the intent of the parties, they are bound by the Louisiana Compensation Statute. Whether so or not, the defendant insists that the necessary intent does not exist in this case.

Without passing on whether the Ohlhausen case has departed from the intent theory of the McKane case, we think that the defendant is correct in saying that the necessary intent to remove these parties from the operation of the Louisiana Compensation Statute does not appear under the facts of this case. As to the intent of the Aber Company and the defendant, there can be little or no doubt since the contract between them provided for "certificates of insurance covering persons employed in accordance with Workmen's Compensation Laws of the State of Louisiana". The intent of the plaintiff up to the time of the accident does not clearly appear, but subsequently he has been drawing compensation payments under the laws of the State of Louisiana.[7]

The second ground upon which the plaintiff insists that, under the law of Louisiana, he may still pursue his tort action against the defendant presents what we have listed as the second substantial question for decision on this appeal, namely: does the Record present a fact issue for a jury to decide as to whether the work contracted to be done by plaintiff's employer, Aber Company, was a part of the defendant's trade, business, or occupation within the meaning of section 6 of the Louisiana Compensation Statute (Footnote 2, supra).

We had a similar question in Isthmian Steamship Company of Delaware v. Olivieri, 5 Cir., 202 F.2d 492, and under the facts there presented, we held that as matter of law the work undertaken by the contractor was a part of the trade, business,

or occupation of the principal, and, hence, that workmen's compensation under the Louisiana Statute was the employee's exclusive remedy. In so holding, we relied largely on the case on which the defendant stands for this proposition. Thibodaux v. Sun Oil Co., 218 La. 453, 49 So.2d 852, and which the district judge considered controlling when he entered the summary judgment. In our former decision, we relied also on an even later Louisiana case, Benoit v. Hunt Tool Co., 219 La. 380, 53 So.2d 137, and on the case of Dandridge v. Fidelity & Casualty Co., La.App., 192 So. 887.[8]

The case of Thibodaux v. Sun Oil Co., supra, called attention that there is no conflict between the principle of law therein decided and that applied in the case of Horrell v. Gulf & Valley Cotton Oil Co., Inc., 15 La.App. 603, 131 So. 709, 712, and commented upon that case as follows:

"In the Horrell case, the manufacturing concern had contracted with an independent contractor for the repair and reconstruction work in its plant. The subcontractor's son was working for him and was engaged in assisting in setting up certain brick work in the construction of one of the furnaces when he was fatally burned as a result of the explosion of a deodorizing tank. The repair and reconstruction work was strictly a special job and entirely unrelated to the principal's business and was not a phase or part thereof." Thibodaux v. Sun Oil Co., supra, 49 So.2d at pages 853, 854.

In the Horrell case, the Court of Appeals of Louisiana discussed the question at length and said in part [15 La.App. 603, 131 So. 712]:

7. The defendant strongly insists that, by accepting compensation under the Louisiana Act, the plaintiff has elected to pursue his remedy in that State, and, under Texas Rev.Stat. 8306, Sec. 19, Vernon's Ann.Civ.St. art. 8306, § 19 (see footnote 3, supra), that election precludes him from insisting on the Texas law. We do not pass upon that contention since we have held that in any event the law of Louisiana controls.

8. It may be appropriate to note that the provisions of the Seventh Amendment make it necessary for federal courts to draw a sharper distinction between questions of law and questions of fact than need be done by the state courts of Louisiana which can review not only the law but the facts in all civil cases. See Wright v. Paramount-Richards Theatres, 5 Cir., 198 F.2d 303, 306.

924

"It is, we believe, quite plain that a manufacturing concern, upon organization, may contract with an independent contractor for the erection of its factory building without retaining liability under the Compensation Act to employees of the independent contractor who undertakes the construction. It is no part of the trade, business, or occupation of the manufacturing concern to erect its factory building. Its business is to operate it after its erection.

"On the other hand, it is clear that, after the factory is completed and is in operation, the principal may not employ an independent contractor to undertake any part of the business of operating the factory and thus escape liability in compensation to the employees actually engaged in carrying out the work undertaken by the independent contractor. For instance, if defendant here had employed Horrell to furnish the necessary labor to operate the boilers, it is quite evident that Horrell's employees would, under the provisions of section 6 of the act, be entitled to look to defendant for compensation in the event of injury. We thus see that, if the original construction work is not a part of the business of the principal, that work may be contracted away, whereas the operation of the factory after construction is completed, being a part of the business of the principal, may not be so contracted away without the retention of compensation liability.

"If the principal may contract with the independent contractor for original construction, we see no reason why he may not contract for additional necessary construction, or reconstruction later on. If the work contracted for is within the category of operation, then, of course, it may not be contracted for except under the conditions imposed by section 6." Horrell v. Gulf & Valley Cotton Oil Co., supra, 131 So. at page 712.

Under the affidavits and counter affidavits considered on the motion for summary judgment, it seems clear to us that here, unlike in the Isthmian case, the evidence presented a disputed issue of fact. On this record, the question, whether the work undertaken by the Aber Company was a part of the defendant's trade, business, or occupation within the meaning of section 6 of the Louisiana Compensation Act. (footnote 2, supra), cannot be determined as matter of law on summary judgment, but must be determined as matter of fact on a trial of the issue.

The court erred in entering summary judgment because there remained genuine issues as to material facts. Rule 56 Federal Rules of Civil Procedure, 28 U.S.C.A. The judgment is therefore

Reversed.