Charlotte D. SHEERIN, Administratrix
of the Estate of William James Sheerin,
deceased, Appellant,

v.

Samuel E. STEELE et al., Appellees.

No. 12887.

United States Court of Appeals
Sixth Circuit.

Jan. 31, 1957.

798

James A. Markle, Detroit, Mich. (Markle, Markle & Eubank, Detroit, Mich., on the brief), for appellant.

Richard Harvey, Detroit, Mich. (E. Dean Alexander, Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., on the brief), for appellee.

Before ALLEN, ALBERT LEE STEPHENS of the Ninth Circuit and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellant, as Administratrix of the estate of William James Sheerin, deceased, brought this action in the District Court for the Eastern District of Michigan under the Death Act of the state of Michigan to recover damages for the death of the decedent, which she alleged was caused by the joint negligence of the appellee, Samuel E. Steele, and the Grand Trunk Western Railroad Company. Jurisdiction was based upon diversity of citizenship and the amount involved. The District Judge ruled that the action with respect to the appellee Steele was barred by the New York Workmen's Compensation Act under the full faith and credit clause of the United States Constitution, and sustained appellee's motion for summary judgment, from which ruling this appeal was taken.

William Sheerin and his wife were residents of New York. On March 15, 1954 he was employed as a salesman by the AP Parts Corp., an Ohio corporation, under a written contract which was executed in Ohio. Under the contract his work was to be "countrywide." By the contract the employer and employee mutually agreed to be bound by the Workmen's Compensation Law of the state of New York, and that, regardless of where the injury occurred, the rights of the employee and his dependents would be governed by the laws of New York. On March 25, 1954 Sheerin was a passenger in an automobile being operated by appellee Steele in Muskegon County, Michigan, when the automobile collided with a passenger train of the Grand Trunk Western Railroad Company, causing the death of Sheerin. Steele was a fellow employee of the decedent. At the time of the accident, Sheerin was only temporarily residing in the state of Michigan.

Following Sheerin's death, his widow received an award of $21.00 per week from the Workmen's Compensation Board of New York. Thereafter, on April 11, 1955 this action was filed in Michigan by the Administratrix against the appellee Steele and the co-defendant, Grand Trunk Western Railroad Company, seeking damages in the sum of $150,000.00. Steele, by his answer, claimed that the Administratrix was prevented from suing him in Michigan by reason of the provision of the Workmen's Compensation Act of New York which the employer and employee had agreed would govern the rights of the employee. He contended that under the New York Act the right to compensation under the Act was the exclusive remedy when such employee is killed by the negligence of another in the same employ, to which the Michigan court was required to give full faith and credit under Article IV, Section 1, United States Constitution. This section of the Constitution reads as follows: "Full Faith and Credit shall be given in each State to the public Acts, Records and judicial Proceedings of every other State." The District Judge ruled this defense a valid one in sustaining appellee's motion for summary judgment.

Ordinarily, the validity and construction of a contract with respect

to the rights and obligations created thereby are governed by the law of the place where the contract is made. Mutual Life Ins. Co. of New York v. Liebing, 259 U.S. 209, 214, 42 S.Ct. 467, 66 L.Ed. 900; St. Regis Paper Co. v. Stuart, 1 Cir., 214 F.2d 762, 766. But the parties can provide by their contract to have their rights governed by the laws of another state if not contrary to public policy. Duskin v. Pennsylvania-Central Airlines Corp., 6 Cir., 167 F.2d 727, 730, certiorari denied 335 U.S. 829, 69 S.Ct. 56, 93 L.Ed. 382. This common law right was also provided by Section 4123.54, Ohio Revised Code. The agreement of the parties in the present case to be governed by the laws of New York makes the New York law applicable with respect to the rights of the parties under it as if the contract had been made in New York. Lauritzen v. Larsen, 345 U.S. 571, 588–589, 73 S.Ct. 921, 97 L.Ed. 1254.

Section 29 of the New York Compensation Act, Workmen's Compensation Law, McKinney's Consol.Laws, c. 67, § 29, provides that if an employee entitled to compensation under the Act be injured or killed by the negligence of another not in the same employ, the injured employee, or in case of death his dependents, need not elect whether to take compensation under the Act or to pursue his remedy against such other, but may take such compensation and pursue his remedy against such other, subject to the provisions of the Act. It further provides, "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

The Michigan Compensation statute, as amended in 1952, Section 17.-189 M.S.A., Comp.Laws Supp.1954, § 413.15, provides "Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same

employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section." Apparently, the 1952 amendment has left some questions of construction for the Supreme Court of Michigan with respect to the rights of an injured employee against a fellow employee. The only decision construing the amendment, to which we are referred by counsel for the parties herein, is Remington v. General Motors Corp., D.C.E.D.Mich., 127 F.Supp. 672, 675. The opinion in that case states that the 1952 amendment eliminated the necessity for an injured employee to make election as to whether he would pursue a third party or take under the Act, but that "no such separate action may be maintained against an employee of the employer or the employer itself, even if that employee negligently caused the injury and the benefits of compensation be retained." The District Judge in the present case was of the same opinion. We will consider that to be the Michigan law.

In making his ruling the District Judge relied upon Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S. Ct. 571, 76 L.Ed. 1026 and Ohlhaver v. Narron, 4 Cir., 195 F.2d 676, which followed and relied upon the Clapper case. Appellant contends that the District Judge has misconstrued the ruling in the Clapper case and that the broad effect attributed to it has been materially restricted by later decisions of the Supreme Court, particularly Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183, under which appellee's motion for summary judgment should not have been sustained. It becomes necessary to review these rulings.

In the Clapper case a Vermont employer made a contract in Vermont with an

employee, also a resident of Vermont, by which they accepted the Vermont Workmen's Compensation Act, which provided that injury or death of an employee suffered in Vermont or elsewhere in the course of his employment would be compensated for only as provided by the Act, without recourse to actions based on tort. The employee died of an injury he received while casually working in New Hampshire. He left no New Hampshire dependents. His administratrix brought an action in New Hampshire under the Workmen's Compensation Act of the state for damages by reason of his death, which was claimed to have been caused by his employer's negligence. A judgment for the plaintiff, affirmed by the Court of Appeals, 1 Cir., 51 F.2d 992, was reversed by the Supreme Court. The Court ruled the Vermont statute was a defense to the employer against the death action brought in New Hampshire, and that the refusal to recognize such defense was a failure to give full faith and credit to the Vermont statute, in violation of Article IV, Section 1, of the United States Constitution. The ruling on its face would appear to support the judgment of the District Court.

█ The scope of the ruling was materially restricted by the Court's subsequent decisions in Alaska Packers Association v. Industrial Accident Commission of California, 294 U.S. 532, 55 S.Ct. 518, 79 L.Ed. 1044, and Pacific Employers Insurance Co. v. Industrial Accident Commission, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940. In those cases the Court stated that there are some limitations upon the extent to which a state will be required by the full faith and credit clause to enforce the law of another state, in contravention of its own statutes or policy. Where the policy of one state's statute comes into conflict with that of another, the necessity of some accommodation of the conflicting interests is apparent, and the conflict is to be resolved, not by giving automatic effect to the full faith and credit clause, compelling the courts of

each state to subordinate its own statutes to those of the other, but by appraising the governmental interests of each jurisdiction, and turning the scale of decision according to their weight. The Court said that full faith and credit does not "enable one state to legislate for the other or to project its laws across state lines so as to preclude the other from prescribing for itself the legal consequences of acts within it." 294 U.S. 532, at pages 546–547, 55 S.Ct. 518, at page 523; 306 U.S. 493, at pages 502–504, 59 S.Ct. 629, at page 634.

In Pacific Employers Insurance Co. v. Industrial Accident Commission, supra, an employee of a Massachusetts corporation, resident in Massachusetts and regularly employed in that state under a contract of employment entered into there, was injured in the course of his employment while temporarily in California. The Massachusetts Workmen's Compensation statute purported to give an exclusive remedy, even though the injury was suffered outside of the state. The Supreme Court of California 10 Cal.2d 567, 75 P.2d 1058 affirmed a lower court ruling which refused to set aside an award of compensation to the employee by the California Industrial Accident Commission. The Supreme Court of the United States affirmed, holding that the courts of California were not bound by the full faith and credit clause of the Federal Constitution to apply, contrary to the policy of their state, the Massachusetts statute or to recognize it as a defense to a claim of the employee under the Workmen's Compensation statute of California. It pointed out that the California Act was in conflict with the Massachusetts Act, and quoted with approval the statement of the Supreme Court of California: "It would be obnoxious to that policy [California] to deny persons who have been injured in this state the right to apply for compensation when to do so might require physicians and hospitals to go to another state to collect charges for medical care and treatment given to such persons."

The opinion in the Pacific Employers Insurance Co. case summarized the ruling of the Clapper case as follows: "The Clapper case cannot be said to have decided more than that a state statute applicable to employer and employee within the state, which by its terms provides compensation for the employee if he is injured in the course of his employment while temporarily in another state, will be given full faith and credit in the latter when not obnoxious to its policy." 306 U.S. 493, 504, 59 S.Ct. 629, 634. It distinguished the Clapper case by pointing out that there was nothing in the New Hampshire statute, the decisions of its courts, or in the circumstances of the case, to suggest that reliance on the provisions of the Vermont statute, as a defense to the New Hampshire suit, was obnoxious to the policy of New Hampshire.

In the present case the District Judge recognized this restricted scope of the ruling in the Clapper case, but applied the Clapper ruling because in his opinion the New York statute and the Michigan statute were not repugnant, obnoxious or in conflict. The opinion states that under both the New York statute and the Michigan statute an employee may take compensation and sue a third person not in the same employ, but that an employee who has accepted compensation is barred from suing a fellow employee. There being no conflict he ruled that full faith and credit should be given to the New York statute.

This might well be the correct solution to the problem, except for the later ruling of the Supreme Court in Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183. In that case the employee Carroll and the employer, who was a subcontractor under the defendant Lanza, were residents of Missouri. The employment contract was made in Missouri. The employee was injured while working in Arkansas. The Missouri Compensation Act provided that the rights and remedies granted by it "shall exclude all other rights and remedies * * * at common law or otherwise" V.A.M.S. §

287.120, on account of injury or death. Under the Missouri law this barred a suit for common-law damages by the employee of a subcontractor against the general contractor. Bunner v. Patti, 343 Mo. 274, 283, 121 S.W.2d 153. The Arkansas Compensation Act provided for an exclusive remedy of the employee against his employer, but not against a third party. Under Arkansas authorities, Lanza, the general contractor, was a third party within the meaning of the Act. The employee sued Lanza for common-law damages in Arkansas. The District Court gave judgment for the employee, which the Court of Appeals reversed on the ground that the Full Faith and Credit clause of the Constitution barred recovery. The Supreme Court reversed the Court of Appeals, holding that the Full Faith and Credit clause did not demand that subservience from the state of the injury. It is true that the Missouri statute was in conflict with the Arkansas statute with respect to the right to maintain the common-law action for damages and the ruling probably could have been based on that ground in accordance with the ruling in the Pacific Employers Insurance Co. case. But the opinion gives little or no importance to that point. The ruling appears to go a step farther than the ruling in that case and to be based upon a broader ground. The opinion states [349 U.S. 408, 75 S.Ct. 807] that "in these personal injury cases the State where the injury occurs need not be a vassal to the home State and allow only that remedy which the home State has marked as the exclusive one. The State of the forum also has interests to serve and to protect. * * * The State where the tort occurs certainly has a concern in the problems following in the wake of the injury. The problems of medical care and of possible dependents are among these, as Pacific Employers Insurance Co. v. Industrial Accident Commission, supra, emphasizes. * * * Arkansas therefore has a legitimate interest in opening her courts to suits of this nature, even though in this case Carroll's injury may

have cast no burden on her or on her institutions." With respect to the exclusive remedy policy of Missouri the opinion states that Missouri could adopt and enforce that policy in Missouri if it chose to do so, and that "Arkansas can adopt Missouri's policy if she likes. Or, * * * she may supplement it or displace it with another, insofar as remedies for acts occurring within her boundaries are concerned." The dissenting opinion, concurred in by three Justices, seems to construe the ruling, as do we, as going beyond the theory of balancing the societal interests of the forum State against those of a sister State and in treating the occurrence of the injury within the State of the forum, without more, as being a sufficient interest of the State of the forum to override the interest of the sister State, and in so doing impliedly, though not expressly, overruling the Clapper ruling. 349 U.S. 420–422, 75 S.Ct. 811–812. Similar views are expressed in 69 Harvard Law Review 119, 24 Tennessee Law Review 322, and 54 Michigan Law Review 552.

[6] We must keep in mind in the present case that it is not an action for compensation against the employer. That has been determined by the New York Compensation Law which the employer and employee agreed would control the rights between *them*. The present action is against another person who was not a party to that agreement. We are of the opinion that under the ruling in Carroll v. Lanza, supra, the District Judge was in error in holding the present action against Steele barred by reason of the New York Statute. See also Industrial Commission of Wisconsin v. McCartin, 330 U.S. 622, 627–628, 67 S. Ct. 886, 91 L.Ed. 1140.

■ Appellee also contends that the action is barred by reason of the provisions of the Michigan Compensation Act. As pointed out hereinabove that Act has been construed as barring an action against a fellow employee if the benefits of compensation under the Act are retained. No proceedings were taken

under the Michigan Compensation Act and no benefits have been received or retained. We do not agree with appellee's contention that because appellant would have been entitled to compensation under the Michigan Act if she had requested it, Conover v. Rust Engineering Co., 279 Mich. 16, 271 N.W. 536, compensation was accordingly "payable" to her under the Act, which was sufficient, without being actually paid, to bar an action against a fellow employee. We are referred to no Michigan case which so holds. Compare: Fox v. Detroit United Railway, 218 Mich. 5, 9, 187 N.W. 321; Foster v. Buckner, 6 Cir., 203 F.2d 527, 531.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.