In the Matter of the Claim of RODNEY RHODES, Respondent, *v.* MUSHROOM TRANSPORTATION Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 13, 1965.

*Anne M. Powell* and *Joseph Dean Edwards* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Joseph Crotty* for claimant-respondent.

HERLIHY, J. The sole question on this appeal is the jurisdiction of the Workmen's Compensation Board.

The claimant, a Pennsylvania resident, was a truck driver employed by the appellant Pennsylvania corporation, which employment took him from the terminal in the State of Pennsylvania to various locations in the western part of New York State and eventually back to the terminal. He received his wages in Pennsylvania and paid no taxes in New York State.

He was injured in November, 1962 when the truck he was operating left the highway near Olean, New York. As a result of the accident he was hospitalized and received medical attention in New York State before returning to Pennsylvania.

The board found that " the employer's conduct of its business constituted its doing business at a fixed location in New York State and that claimant's work was so connected with the conduct of the employer's business in New York to support a finding that claimant's employment was located in New York ".

In our opinion, these facts show sufficient significant contacts with the State of New York so that it can reasonably be said that employment for compensation purposes is located here and accordingly the Workmen's Compensation Board has jurisdiction. (See *Matter of Nashko v. Standard Water Proofing Co.*, 4 N Y 2d 199, 200, 201.)

We are living in a transitory world resulting in changing circumstances and conditions which require adjustments not necessarily controlled by State boundaries but limited, of course, by constitutional and statutory mandates. Larson (Workmen's Compensation Law, vol. 2, § 87.23) cites two cases which demonstrate the need for such changes. The section states in part: " As the *Pacific Employers* [306 U. S. 493] case held, the physical presence of the injured man within the state must concern the state. His medical and hospital bills are owed to local residents, who should not be required to go to foreign states for payment; the witnesses to the accident are within the state, and most of the best evidence bearing on the circumstances of the injury; the state's safety laws and standards may be involved; and, as the *Alaska Packers* [294 U. S. 532] case stressed, the mere presence of a disabled and destitute human being within a state's borders is a social problem of concern to that state since the man may become a public charge if not provided for by compensation law."

There is no hard and fast rule for determining jurisdiction applicable to all compensation cases but the issue as to employment location is ordinarily governed by the facts of the particular case. In our opinion, it was not necessary for the board to find that the employer had a fixed location within the State as there is sufficient evidence in the record to demonstrate that the claimant spent most of his actual working time on behalf of the employer within the boundaries of this State and additionally that the accident happened herein. (*Matter of Cafiero v. Ballantine & Sons*, 1 A D 2d 527, 529, mot. for lv. to app. den. 2 N Y 2d 705.)

The decision should be affirmed.

GIBSON, P. J., REYNOLDS, TAYLOR and AULISI, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.